AARON COURTRIGHT, RELATOR v. OTTO KIRCHNER, ATTORNEY GENERAL.

43 411<br>f151 ²620<br>151 ²622

*Costs against the State—Debt on bail bond—Attorney General.*

Costs against the State can be granted only by virtue of some express statute.

An action upon a recognizance of bail for the appearance of a person charged with crime is not such a civil action as authorizes costs to be taxed against the State under Comp. L. §7407.

The sum recovered in an action of debt upon a recognizance of appearance bail is a penal forfeiture, and may be remitted like a fine.

The measure of recovery on a recognizance of bail is the whole amount of the obligation, without reference to the merits.

The Attorney General cannot properly certify to the due institution of a suit of which he has no fuller information than is furnished by a copy of a declaration, order of dismissal, order of retaxation, and bill of costs.

Costs are not taxable when there is no judgment for them.

MANDAMUS. Submitted April 21. Denied April 28.

*L. N. Keating, Joab Baker* and *H. J. Hoyt* for relator. Costs were allowed against the State where it was held that there was no right to prosecute, in *Attorney General v. Soule* 28 Mich. 153.

Attorney General *Otto Kirchner* for respondent.

CAMPBELL, J. This is an application for a mandamus

to compel the Attorney General to certify a bill of costs taxed against the State in an action on a recognizance.

Courtright and one Simons were sued in debt on a recognizance of bail for the appearance of John Mack, alias Thomas McGee, to answer to a charge of larceny. The circuit court for the county of Muskegon, where the suit was brought, allowed a discontinuance against Simons, and an amended declaration was then filed against Courtright alone. A motion was then made to quash the proceedings for want of jurisdiction of the person of the defendant, by reason of such discontinuance against Simons, and the court made an order quashing the proceedings without costs of the motion. No other judgment was entered.

A bill of costs was made out and presented to the clerk of the court who disallowed them. The circuit judge on a motion for retaxation taxed the costs at $21.

Relator then presented to the Attorney General a copy of the amended declaration, a copy of the order of dismissal, and a copy of the order of retaxation, and of the bill of costs, and asked him to certify under section 6173 of the Compiled Laws "that such suit or proceeding was duly instituted as the law requires." This he refused, and the present application is made to compel him to do so.

It might be sufficient for the present motion to say that not only is there no judgment for costs under which any taxation could be made, but that these papers do not furnish any information how or when the suit was instituted, or whether Courtright or Simons was ever served or ever appeared in the cause. It is difficult to understand on what ground, if there was such an appearance, the proceedings were quashed. But the Attorney General could not properly certify to the regular institution of a suit of which he had no fuller information than these papers gave him.

But as there may possibly be something else not now appearing, which might be the basis of another applica-

tion, we may properly dispose of the matter on its merits.

Costs cannot be granted against the State except by virtue of some express statute.  The only statute on the subject on which reliance is had is section 7407 of the Compiled Laws, which is as follows:  "In all civil suits or proceedings by or in the name of the people of this State, instituted by any officer duly authorized for that purpose, and not brought on the relation, or for the use of any citizen, or upon any penal statute, the people shall be liable for costs in the same cases, and to the same extent, as if such suit or proceeding was instituted by an individual."

The record does not show whether this recognizance was ever regularly forfeited and authorized to be prosecuted; but assuming it was, then there is no doubt an action of debt upon it is a civil action.  But whether it is such a civil action as would allow the State to be held for costs is a different question.

The statute does not allow such costs in actions brought on any penal statute.  We had occasion in *Metcalf, relator v. Auditor General* 38 Mich. 94, to consider whether actions for penalties for obstructing highways, carried costs against the State, and we held they did not.  We think that the present action is within the exception referred to.  The only purpose of such a recognizance is in subservience to the criminal law.  It represents no contract or other civil origin, and is not designed to secure rights of property.  It in effect compels the sureties to submit to a vicarious money penalty as a consequence of their enabling the party charged with crime to escape the imprisonment he would otherwise be subjected to in order to have him ready to answer on a trial.  The amount fixed in the obligation is not a security to be satisfied on a showing and recovery of actual damages but the whole penalty is incurred and collectible upon a forfeiture, without reference to the merits.  In our statutes the proceedings are included in a chapter entitled "The Collection of Penalties and Forfeitures;" and the moneys collected are not devoted to the general purposes of the State, but are

placed with the proceeds of fines in the county treasury, for the benefit of township libraries. The State reserves no interest in them. The sum recovered is really as well as nominally a penal forfeiture, and subject to remission on the same footing with fines. Comp. Laws §§ 6870, 6873, 6875-6.

We think therefore that the relator can have no remedy in this class of cases. The writ must be refused with costs.

The other Justices concurred.