DAVIS *v.* OAKLAND CIRCUIT JUDGE.

CRIMINAL LAW—APPOINTED COUNSEL—FEES—RESTITUTION—MANDA-
MUS.

> A circuit judge has authority, in mandamus proceedings by a
> person who had been convicted of a crime seeking return of
> funds belonging to him seized by peace officers at the time
> of his arrest, to order such criminal defendant to make res-
> titution to the county which had supplied him with legal
> counsel for the defense of the criminal case at the county's
> expense where such defendant had failed to disclose the ex-
> istence of those funds to the court when counsel was ap-
> pointed upon a representation by defendant that he was fi-
> nancially unable to obtain an attorney.

Appeal from Court of Appeals, Division 2, Hol-
brook, P. J., and Fitzgerald and T. M. Burns, JJ.,
denying complaint for superintending control
against Oakland Circuit Judge, Frederick C. Ziem,
J. Submitted June 2, 1970. (Calendar No. 3, Dock-
et No. 52,442–1/2.) Decided August 19, 1970.

Complaint by Russell J. Davis in the Court of
Appeals for superintending control against Oakland
Circuit Judge Frederick C. Ziem, to vacate circuit
court order denying the return of money. Order
denied. Plaintiff appeals. Affirmed.

*Russell J. Davis, in propria persona.*

---

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Attorneys at Law § 207.

*Robert P. Allen,* Corporation Counsel, and *Hayward Whitlock, Armand P. Deatrick,* and *John L. Grubba,* Assistants Corporation Counsel, for defendant.

PER CURIAM. The correctly stated question in this case is:

"Does a circuit judge have authority to order a criminal defendant to pay restitution to a county which has supplied that defendant with legal counsel at the expense of the county?"

The trial court responded in the affirmative. Defendant's petition for mandamus, which the Court of Appeals properly treated as one for superintendence, was denied by that Court for want of merit. The stated question is here on grant of leave (382 Mich 793).

In June of 1967 complaint was made charging Davis with breaking and entering. Upon arrest he was taken to the Oakland County jail, where certain property was taken from him. The property seized, constituting the present subject matter, was cash amounting to $209.01.

Davis appeared for arraignment before Judge Pratt July 12, 1967. The transcript of his arraignment, so far as presently material, proceeds:

*"The Court:* Do you have an attorney, Mr. Davis?
*"The Respondent:* I do not, sir.
*"The Court:* Do you realize that if you are financially unable to obtain an attorney by yourself that the court will appoint one for you at county expense?
*"The Respondent:* Yes, * * * .
*"The Court:* * * * Now, do you wish to have the court appoint an attorney for you?
*"The Respondent:* Yes.
*"The Court:* Are you employed, Mr. Davis?
*"The Respondent:* I am —

*"The Court:* Where, sir?

*"The Respondent:* Was, rather.

*"The Court:* Where were you working?

*"The Respondent:* I was working with my brother.

\*    \*    \*

*"The Court:* What kind of work were you doing?

*"The Respondent:* We were contracting.

*"The Court:* Do you have any bank accounts?

*"The Respondent:* At this moment, sir, my finances seem to have vanished into thin air, disappeared so to speak or used up.

*"The Court:* Do you have a car?

*"The Respondent:* I had one.

*"The Court:* Do you still have it?

*"The Respondent:* No, sir.    \*    \*    \*

*"The Court:* Do you own any real estate?

*"The Respondent:* No, sir.

*"The Court:* Very well, the court will appoint counsel for the defendant."

July 17, 1967 an order was entered by Judge Pratt, reading:

"In this case, it satisfactorily appearing to the court that the respondent is without pecuniary means to employ counsel to conduct his defense;

"It is therefore ordered that James Nichols, an attorney of the bar of this court, be and he hereby is appointed to defend said respondent in this cause."

October 20, 1967 a jury convicted Davis of breaking and entering.  October 27, 1967, an order was entered by Judge Ziem providing, in part:

"Upon reading and filing the petition of the above named respondent, and the court being satisfied that said respondent is indigent and being advised in the premises,

"It is hereby ordered that James Nichols, attorney at law, be and he hereby is appointed attorney for said respondent at public expense."

Upon order of the court Mr. Nichols was paid, for defending Davis, a fee of $250. This order was entered by Judge Ziem. Davis was sentenced November 7, 1967.

June 12, 1968, Davis filed in circuit a complaint for mandamus seeking return of the $209.01 taken from him. The petition correctly alleged that the cash was never utilized or needed as evidence against him. There was and now is no question but that the money was Davis' property.

Judge Ziem denied the petition and ordered that the $209.01 be turned over to the county treasurer as part reimbursement of the fee paid by the county to Mr. Nichols. Behold today's issue.

No authority has been cited, and independent research has uncovered none, which in any way tends to impair the selectively discretionary power of a trial judge to apply known assets of an alleged indigent toward defraying—in some part—the public cost of providing for that indigent the assistance of counsel which § 20 (Const 1963, art 1) and the Bill of Rights uniformly guarantee.

Had the defendant disclosed to Judge Pratt the fact that the police were holding his money, the judge doubtless would have ascertained the rightful ownership thereof and, having done so, properly would have directed its application in the same manner as is due when, in the course of hearing of any claim of indigency, it is determined that the defendant owns some property in his own right. Then that property should be applied to the then unpredictable costs of attorney fees for the defense of the case save only when, in judicial judgment, such application is apt to injure innocent others.

Since Judge Pratt might validly have so proceeded if duly informed, so Judge Ziem's action was lawful when the essential facts were brought to

light.   This is not a criminal proceeding, *quasi* or otherwise.   It is a civil action, brought under the adaptive principles which always have governed issuance or withholding of the writ of mandamus. Those principles are equity, justice, discretion and, in appropriate cases, application to either party of the beneficent rules of estoppel.   Here the complainant's position discloses no absolute legal right.   It portrays inequity only.   For that reason the judgment of the Court of Appeals is affirmed.   No costs.

T. E. Brennan, C. J., and Dethmers, Kelly, Black and Adams, JJ., concurred.

T. M. Kavanagh and T. G. Kavanagh, JJ., concurred in the result.