## PEOPLE v LAVAN

1. COSTS—ATTORNEY'S FEES—CRIMINAL LAW—SOVEREIGN IMMUNITY.

   An award of costs and attorney's fees payable by the state to a defendant arising from the defendant's acquittal on criminal charges brought by the state is barred by the sovereign immunity doctrine unless the defendant can show statutory authority for liability.

2. COSTS—ATTORNEY'S FEES—CRIMINAL LAW—REVISED JUDICATURE ACT—TITLE OF ACT.

   The Revised Judicature Act does not provide the requisite statutory authority for an award of costs and attorney's fees to a defendant acquitted of criminal charges because the title of the act clearly states that the intent of the act is to revise and consolidate Michigan civil proceedings and does not mention criminal law or procedure (MCLA 600.2411, 600.2421).

3. COSTS—ATTORNEY'S FEES—CRIMINAL LAW—STATUTES.

   A statute which provides for reimbursement of a county's expenses in certain prosecutions is not directed to aid a defendant's expenses and does not authorize an award of costs and attorney's fees to a defendant acquitted of criminal charges (MCLA 775.21).

4. COSTS—ATTORNEY'S FEES—CRIMINAL LAW—STATUTES.

   A statute which states that an acquitted person cannot be made to pay for the administrative expenses incurred by the state in the prosecution of the case against him does not grant the defendant the power to have his costs taxed to the state (MCLA 768.34).

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 March 8, 1974, at Lansing. (Docket No. 17429.) Decided May 1, 1974. Leave to appeal denied, 392 Mich —.

Martin P. B. Lavan was acquitted of commin-

REFERENCE FOR POINTS IN HEADNOTES

[1–4] 20 Am Jur 2d, Costs §§ 1, 3, 72–86.

gling public and private funds in his capacity as justice of the peace. Defendant petitioned the trial court for costs and attorney's fees. Costs and attorney's fees awarded. Plaintiff appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald Ubell,* Director, Prosecuting Attorneys Appellate Service, for the people.

*Michael K. Hegarty,* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. B. BURNS, J. Plaintiff brought criminal charges against the defendant for commingling public and private funds in his capacity as justice of the peace in violation of MCLA 750.490; MSA 28.758. Defendant was acquitted by a jury. Defendant petitioned the trial court for costs and attorney's fees. The trial judge awarded defendant costs and attorney's fees in the amount of $15,115.20. Plaintiff appeals the award. We reverse.

Such an award is barred by the sovereign immunity doctrine unless the defendant can show statutory authority for liability in these matters. *Courtright v Attorney General,* 43 Mich 411, 413; 5 NW 441 (1880). Defendant's first claimed sources of authority are MCLA 600.2421; MSA 27A.2421, and MCLA 600.2411; MSA 27A.2411. Both statutes are portions of the Revised Judicature Act which does not pertain to criminal matters. The title of the act clearly states that the intent of the act is to revise and consolidate Michigan civil procedure; it does not mention criminal law or procedures. In

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*People v Stanley,* 344 Mich 530; 75 NW2d 39 (1956), the Court held that the Revised Judicature Act's predecessor did not apply to criminal cases.

Defendant also cites MCLA 775.21; MSA 28.1258, as authorizing the award. The statute is not directed to aid defendant's expenses; it is directed to reimburse only the county's expenses in certain prosecutions. OAG, 1967–1968, No 4588, p 49 (June 12, 1967), and OAG, 1935–1936, No 136, p 341 (December 26, 1935).

Defendant also claims that Michigan statute, MCLA 768.34; MSA 28.1057, authorizes the trial court to grant such an award. The statute merely states that an acquitted person cannot be made to pay for the administrative expenses incurred by the state in the prosecution of the case against him. It does not grant defendant the power to have his costs taxed to the state.

Reversed.

All concurred.