PEOPLE v BOHM

*ORDER*

Entered November 21, 1974.—REPORTER.

On order of the Court, defendant-appellant's motion for special relief is considered, and it is hereby ordered that the order of this Court dated October 23, 1974 (392 Mich 818) is hereby vacated and set aside.

The defendant applied to this Court for the appointment of counsel to prosecute an appeal from the Court of Appeals to this Court.

The trial court had appointed trial counsel for the defendant in January, 1972 and, after his conviction in June, 1972, appellate counsel. Pursuant to defendant's request, this Court on February 12, 1974, appointed the State Appellate Defender to prosecute an appeal from the Court of Appeals to this Court. The prosecutor objected, as provided for in Administrative Order 1974-4, and the matter was remanded to the trial court for a determination of indigency. The defendant was found not to be indigent.

The defendant had, on January 28, 1974, commenced employment in an industrial firm. He was laid off on July 13, 1974, but reinstated on August 5, 1974. Hearing in the trial court was held on August 7, 1974.

Defendant's gross pay is $240 a week and his take-home pay is $165 a week.

Defendant is single. He has debts of $3,000 to $4,000 and no assets.

The State Appellate Defender related at the indigency hearing that the defendant's counsel in the Court of Appeals estimated that his bill for the appeal to the Court of Appeals would be $3,000 (at $15 an hour). The State Appellate Defender estimates an initial cost of $2,000 for preparation of the appeal to this Court with a minimum additional cost of $1,000 for printing, if leave to appeal is granted by this Court.

While the defendant is not impecunious, he is "indigent" insofar as ability to hire a competent lawyer. The only reasonable conclusion on this record is that a lawyer would require at least $1,000 in advance to file an application with this Court, a sum manifestly beyond the financial capacity of this defendant who has only an uncertain job, no capital whatsoever. His automobile is worth $10 or less. Few lawyers would be willing to extend credit to a defendant whose conviction has been affirmed by the Court of Appeals and who, if this Court denies leave to appeal, will lose his job as a prelude to his sojourn in prison.

While a person on welfare or who is impecunious is clearly indigent, entitled to the appointment of appellate counsel, they are not the only persons who do not have the wherewithal to hire competent counsel.

We reverse the trial court and find the defendant indigent for the purposes of hiring a lawyer to prosecute an appeal from the Court of Appeals to this Court and reappoint the State Appellate Defender to prosecute that appeal. The Court adopts § 6.2 (Partial Eligibility) of the ABA Standards relating to Providing Defense Services, which reads as follows:

"The ability to pay part of the cost of adequate representation should not preclude eligibility. The

provision of counsel may be made on the condition that the funds available for the purpose be contributed to the system pursuant to an established method of collection."

The trial court in its discretion may enter an appropriate order for repayment.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people. *State Appellate Defender Office* (by *Francis Zebot),* for defendant. (Docket No. 55,231.) Reported below: 49 Mich App 244.