PEOPLE v LaPINE

CRIMINAL LAW—CONSTITUTIONAL LAW—INDIGENT DEFENDANTS—
TRANSCRIPTS—PAYMENT UPON EMPLOYMENT—HARDSHIP.

An indigent defendant must be provided with transcripts neces-
sary to perfect an appeal without cost to him where he so
requests, but a requirement that he reimburse the county for
the costs of such transcripts upon obtaining employment after
parole does not violate the state or Federal Constitutions; a
court may *sua sponte* order a person to pay costs which have
been suspended when the reason for the waiver or suspension
no longer exists, provided that payment is not impossible and
would not constitute an undue hardship and the rate of reim-
bursement fairly reflects the defendant's ability to pay (GCR
1963, 120.6, 785.13).

Appeal from Chippewa, William F. Hood, J.
Submitted June 3, 1975, at Lansing. (Docket No.
19338.) Decided August 25, 1975.

Jerry LaPine was convicted, on his plea of
guilty, of taking indecent liberties. Defendant ap-
pealed. Affirmed, 47 Mich App 553 (1973). Defend-
ant's motion for resentencing granted by the cir-
cuit court. Defendant's motion to withdraw his
guilty plea denied by the circuit court. Defendant
appeals by leave granted an order of the circuit
court providing him with transcript of the proceed-
ings involving resentencing and his motion to
withdraw his guilty plea on the condition that he
repay the costs thereof upon obtaining employ-
ment. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 233.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Farrell Elliott,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Aloysius J. Lynch,* Special Assistant Attorney General), for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Upon his guilty plea, the defendant was convicted of the offense of indecent liberties, MCLA 750.336; MSA 28.568, and was sentenced to a term of 30 months to 10 years imprisonment. His conviction was affirmed by this Court in *People v LaPine,* 47 Mich App 553; 209 NW2d 726 (1973).

After the affirmance, the defendant filed a motion for resentencing, which was granted. The original trial judge disqualified himself and another judge sentenced the defendant to the identical 30 months to 10 years term of imprisonment. Thereafter, defendant filed a motion to withdraw his guilty plea and a hearing was held. During the hearing on January 17, 1974, the defendant stated that he was due for parole in April of 1974. The trial court denied the motion. A week later, for the purpose of an appeal, the defendant requested copies of the transcripts of the proceedings for resentencing and on his motion to withdraw his guilty plea and a copy of his presentence report. On January 24, 1974, the trial court caused the following order to be entered:

"That a transcript of the resentencing proceedings and a transcript of the hearing on the post-conviction motions, which hearing was held on January 17, 1974, be furnished to the defendant, the cost to be paid initially at public expense, but the defendant to reimburse Chippewa County for the cost of such transcripts, reimbursement to be made in installments of not less than $15.00 per month commencing one month from the date the defendant obtains employment following his release on parole."

Leave to appeal to this Court was granted on April 9, 1974.

The defendant raises a single issue on appeal: where an indigent defendant requests transcripts necessary to perfect an appeal, does the requirement of reimbursement upon obtaining employment after parole violate state and Federal constitutional provisions?

In many respects, the defendant's arguments before the Court at this time are premature. The defendant was not denied a copy of the transcript at county expense. Nor did he refuse to accept them because of the reimbursement condition. Under this record, he has not been released on parole or been required to commence repayment. Thus his financial condition and his securing of employment remain speculative. *Cf. People v Williams,* 57 Mich App 439; 225 NW2d 798 (1975).

Although no actual harm to this defendant has yet occurred, we conclude that the issue is sufficiently ripe for our consideration because the rights of future defendants are involved and because this controversy is not merely hypothetical. See *Gaillot v United States Department of Health, Education and Welfare,* 464 F2d 598, 599 (CA 5, 1972).

GCR 1963, 785.13 provides that facsimile copies

of transcripts shall be provided for a convicted indigent defendant "without cost to him". GCR 1963, 120.6, however, provides that where payment of costs have been suspended, the court may *sua sponte* order the person to pay those costs "when the reason for the waiver or suspension no longer exists".

*Fuller v Oregon,* 417 US 40; 94 S Ct 2116; 40 L Ed 2d 642 (1974), recently upheld a state recoupment statute requiring convicted defendants, as a condition of probation, to repay all or a portion of the legal expenses met by the state. See also *James v Strange,* 407 US 128; 92 S Ct 2027; 32 L Ed 2d 600 (1972). The Michigan Supreme Court in *People v Bohm,* 393 Mich 129; 223 NW2d 291 (1974), considered the financial situation of a defendant with substantial income but also considerable debts. The Court adopted § 6.2 (Partial Eligibility) of the ABA Standards relating to Providing Defense Services and appointed the State Appellate Defender to represent him on appeal. However, the Court stated:

"The trial court in its discretion may enter an appropriate order for repayment." 393 Mich 129, 131.

We believe that the procedure approved by the Court in *Bohm* for appellate attorney's fees is also applicable for the costs of providing an appealing criminal defendant with a transcript. The defendant has a right to a "free" transcript, *People v Cross,* 30 Mich App 326; 186 NW2d 398 *aff'd* 386 Mich 237 (1971); however, "free" in this context means that the defendant need not pay as a condition precedent to claiming and prosecuting an appeal. See *Smith v Bennett,* 365 US 708; 81 S Ct 895; 6 L Ed 2d 39 (1961).

The trial court's order in this case requires the defendant to reimburse the county in installments of not less than $15 per month commencing one month from the date he obtains employment after his release on parole. In most cases, no doubt, these conditions will be consistent with the defendant's ability to pay. However, we caution the trial court that if payment is impossible or would constitute an undue hardship, these conditions should be modified or withdrawn. See *People v Gallagher,* 55 Mich App 613, 619–620; 223 NW2d 92 (1974). So long as reimbursement fairly reflects the defendant's ability to pay, we conclude that the trial court, after furnishing transcripts to an appealing defendant, did not abuse its discretion by imposing a requirement of reimbursement to the county after the defendant is paroled and has obtained employment.

Affirmed.