PEOPLE v WASHBURN

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Cᴏᴜʀᴛ-Aᴘᴘᴏɪɴᴛᴇᴅ Cᴏᴜɴsᴇʟ—Rᴇᴘᴀʏᴍᴇɴᴛ Oʀᴅᴇʀ.

Orders for repayment by a defendant of the cost of court-appointed counsel should not be made prior to conviction.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Cᴏᴜʀᴛ-Aᴘᴘᴏɪɴᴛᴇᴅ Cᴏᴜɴsᴇʟ—Rᴇᴘᴀʏᴍᴇɴᴛ Oʀᴅᴇʀ—
Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ.

A trial court's order requiring a defendant to repay the cost of court-appointed counsel, made before the defendant pleaded guilty, should not be reversed where there was no objection to the repayment order, there is no claim of innocence, the record of the plea proceeding indicates guilt beyond any doubt, and there is no indication that the guilty plea was induced by the repayment order.

Appeal from Eaton, Willard L. Mikesell, J. Submitted December 4, 1975, at Grand Rapids. (Docket No. 21291.) Decided January 8, 1976. Leave to appeal applied for.

Terry Washburn was convicted, on his plea of guilty, of breaking and entering an unoccupied dwelling with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David L. Smith,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Lee Wm. Atkinson,* Assistant Attorney General, of counsel), for the people.

*Norris J. Thomas, Jr.,* for defendant.

Rᴇғᴇʀᴇɴᴄᴇ ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1, 2] 7 Am Jur 2d, Attorneys at Law § 207.

Before: Danhof, P. J., and Quinn and D. E. Holbrook, Jr., JJ.

Per Curiam. Charged with breaking and entering an occupied dwelling house with intent to commit a larceny, defendant pleaded guilty to an added count of breaking and entering an unoccupied dwelling house with intent to commit larceny, MCLA 750.110; MSA 28.305. He was sentenced and he appeals.

Defendant claims error because the trial judge ordered him to repay by installments the cost of court appointed counsel. March 19, 1974, trial counsel was appointed for defendant. Defendant was arraigned March 28, 1974, and stood mute. On this same date, the order requiring repayment of the cost of appointed counsel was made. April 25, 1974, defendant pleaded guilty to the added count. *People v Bohm,* 393 Mich 129; 223 NW2d 291 (1974), is not controlling because there the repayment order followed conviction. Here the order preceded conviction.

Defense counsel has briefed and argued orally issues which would require reversal if the record indicated either that defendant objected below to the repayment order, or that defendant claimed innocence, or that his plea of guilty to the added count was in any way induced or influenced by the repayment order.

There was no objection below to the repayment order, and there is no claim of innocence in this record. The facts adduced at the plea proceeding clearly demonstrate guilty beyond any doubt. The record is devoid of any indication that defendant pleaded guilty to the added count because of the repayment order. Regardless of the theoretical validity of defendant's arguments, we decline to write to them on a totally speculative basis. How-

ever, orders for the repayment of the cost of appointed counsel should not be made prior to conviction if attacks of this nature on otherwise valid pleas are to be avoided.

Defendant's argument that the trial judge considered in aggravation of sentence the failure of defendant to make any repayments is not supported by the record.

Affirmed.