PEOPLE v NOWICKI

Docket No. 177347. Submitted May 18, 1995, at Lansing. Decided
    September 12, 1995, at 9:05 A.M.

    Edward E. Nowicki pleaded guilty in the Ingham Circuit Court,
    James F. Giddings, J., of kidnapping. The plea was offered in
    accordance with a plea agreement. The court sentenced the
    defendant to a term of six to fifteen years in prison. Following
    sentencing, the chief judge of the Ingham Circuit Court issued
    an order of reimbursement in accordance with an acknowledg-
    ment that had been signed by the defendant at the time he
    sought assigned counsel and provided that he would reimburse
    the county for the expense of his assigned counsel. The defen-
    dant filed a motion in which he sought to withdraw his plea on
    the basis that the prosecution breached the plea agreement, to
    be resentenced on the basis of erroneous information in the
    sentence information report relative to a prior conviction, and
    to have the order of reimbursement set aside. The court refused
    to permit the defendant to withdraw his plea, resentenced the
    defendant to the same sentence after correcting the erroneous
    information, and denied relief from the order of reimburse-
    ment. The defendant appealed.

    The Court of Appeals *held:*

    1. Because the defendant's motion to withdraw his plea was
    not brought in a timely manner, his appeal with respect to the
    issue whether the trial court erred in refusing to allow him to
    withdraw his plea was not preserved.

    2. The circuit court had the authority to order the defendant
    to reimburse the county for the costs associated with his
    representation by court-appointed counsel, inasmuch as the
    order of reimbursement was not part of the defendant's sen-
    tence, the provision of appointed counsel was not made condi-
    tional upon the defendant's ability to reimburse the county,

REFERENCES

Am Jur 2d, Attorneys at Law § 244; Criminal Law § 1046.
Validity, construction, and application of state recoupment statutes
    permitting state to recover counsel fees expended for benefit of
    indigent criminal defendants. 39 ALR4th 597.

and there is no suggestion that the defendant is not able financially to make the reimbursement.

Affirmed.

COURTS — COURT-APPOINTED COUNSEL — COUNTIES — REIMBURSE-
MENT.

A circuit court has the authority to order a defendant to reimburse a county for the cost of a court-appointed counsel where the order of reimbursement is not part of the sentence, counsel is appointed irrespective of the defendant's ability to reimburse the county, and there is no claim that the defendant is not able financially to make the reimbursement.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the people.

*James Bonfiglio,* for the defendant on appeal.

Amicus Curiae:

*Cohl, Stoker & Toskey, P.C.* (by *John R. McGlinchey*), for the Ingham Circuit Court.

Before: FITZGERALD, P.J., and MARKMAN and M. F. SAPALA,* JJ.

PER CURIAM. Defendant pleaded guilty of kidnapping a child under the age of fourteen. MCL 750.350; MSA 28.582. He subsequently was sentenced to six to fifteen years in prison. Defendant appeals his conviction as well as a postconviction order requiring him to reimburse the county for the services of an appointed trial attorney. We affirm both the conviction and the order.

Defendant agreed to plead guilty of kidnapping in exchange for the dismissal of an habitual offender information. In addition, the prosecutor

_____

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

stated on the record: "We agree . . . to a recommended sentence on the minimum sentence and not to exceed eight years, ninety-six months." The defendant in fact was sentenced to a term of imprisonment within the scope of this sentencing recommendation, and no habitual offender information was charged. Defendant argues, however, that the prosecutor breached his agreement to the defendant by "emphasizing the seriousness of the offense" at the sentencing hearing and by not expressly repeating at the hearing his recommendation of a minimum sentence cap of eight years.

MCR 6.311(C) specifies that "[a] defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter, or any other claim that the plea was not an understanding, voluntary, or accurate one, unless the defendant has moved to withdraw the plea in the trial court, raising as a basis for withdrawal the claim sought to be raised on appeal." Defendant did not move in a timely manner to withdraw his plea under MCR 6.311(A). Therefore, this issue was not preserved for appeal.

Defendant also seeks to vacate an order that requires him to reimburse the county for funds used to pay his appointed counsel. On July 29, 1993, defendant signed an "Application for Court Appointed Counsel/Affidavit of Financial Condition" that contained an acknowledgment that he was obligated to Ingham County for the expense and fees incurred in granting the application and that he agreed to reimburse Ingham County for the expense and fees of counsel. Shortly thereafter, the circuit court entered an order dated August 6, 1993, appointing counsel and further providing for reimbursement by defendant of the cost of counsel. On February 18, 1994, following defen-

dant's guilty plea, the circuit court ordered that defendant pay $1,353 to reimburse Ingham County for the fees and costs paid to his court-appointed counsel.

There is no dispute that defendant was provided with counsel in this case. Furthermore, defendant does not claim any inability to pay.[1] He instead argues that the payment of costs is not authorized in this matter and that the order providing for reimbursement is invalid. Defendant cites various cases that stand for the proposition that costs may not be imposed on a defendant as part of his sentence absent statutory authority.[2] However, in this case, defendant's obligation to reimburse the county for legal fees and costs is completely independent of his sentence. Unlike his sentence, this obligation does not arise as a consequence of his conviction. Instead, it arises from the defendant's obligation to defray the public cost of representation.[3]

---

[1] We therefore do not address the effect of a defendant's inability to pay on an order to reimburse the county for costs of legal representation. But see *People v LaPine,* 63 Mich App 554, 558; 234 NW2d 700 (1975); *People v Gallagher,* 55 Mich App 613, 619-620; 223 NW2d 92 (1974); *People v Bohm,* 393 Mich 129, 130; 223 NW2d 291 (1974). The issue before this Court is whether the court may order reimbursement in the first place.

[2] *People v Cousins,* 196 Mich App 715; 493 NW2d 512 (1992); *People v Jones,* 182 Mich App 125; 451 NW2d 525 (1989); *People v Flaherty,* 165 Mich App 113; 418 NW2d 695 (1987).

[3] MCR 6.005(C) provides for a defendant's contribution to the cost of providing a lawyer where the defendant "is able to pay part of the cost of a lawyer." However, the 1989 staff comment to MCR 6.005(C) provides that "[t]his subrule pertains to contribution and should not be construed as authorizing subsequent reimbursement." This subrule is based on 1 ABA Standards for Criminal Justice (2d ed), Standard 5-6.2: "The ability to pay part of the cost of adequate representation should not preclude eligibility." See 1989 staff comment. Before the adoption of this court rule, the Michigan Supreme Court adopted § 6.2 (Partial Eligibility) of the ABA Standards relating to Providing Defense Services in addressing the problem of representation of an individual who, although perhaps "not impecunious, [is nevertheless] indigent insofar as ability to hire a competent lawyer." *Bohm, supra*

The ability of courts to require defendants to repay expenses of court-appointed counsel has been recognized by the Michigan Supreme Court. In *Davis v Oakland Circuit Judge,* 383 Mich 717; 178 NW2d 920 (1970), the Michigan Supreme Court held that a circuit judge has authority to order a criminal defendant to make restitution to the county of the costs of the defendant's appointed counsel from funds belonging to the defendant but which he failed to disclose at the time counsel was appointed. In doing so, the Court reasoned:

> No authority has been cited, and independent research has uncovered none, which in any way tends to impair the selectively discretionary power of a trial judge to apply known assets of an alleged indigent toward defraying—in some part—the public cost of providing for that indigent the assistance of counsel which [Const 1963, art 1, § 20] and the Bill of Rights uniformly guarantee. [*Id.* at 720.]

In *People v Bohm,* 393 Mich 129; 223 NW2d 291 (1974), the defendant applied to the Michigan Supreme Court for the appointment of counsel to prosecute an appeal from this Court to the Supreme Court. The Court found that although the defendant was not impecunious, he was "indigent" insofar as ability to hire a competent lawyer and thus ordered appointment of counsel. *Id.* at 130. In doing so, the Court further ordered that the "trial court in its discretion may enter an appropriate order for repayment." *Id.* at 131.

This Court, following the procedure approved in

note 1, at 130. Rather than preclude eligibility, the Court held that the defendant was entitled to counsel. *Id.* We believe MCR 6.005(C) addresses this concern and accordingly provides for contribution by a defendant "able to pay part of the cost of a lawyer." However, this subsection does not preclude trial courts from ordering subsequent reimbursement of expenses paid for court-appointed counsel.

*Bohm,* held in *People v LaPine,* 63 Mich App 554, 556-558; 234 NW2d 700 (1975), that the trial court did not abuse its discretion by imposing a requirement of reimbursement to the county for transcripts provided to the defendant as long as reimbursement fairly reflected the defendant's ability to pay. The Court noted that the defendant had a right to a "free" transcript, but "free" in that context meant that the defendant need not pay as a condition precedent to claiming and prosecuting an appeal. *Id.* at 557.

We conclude that the trial court had authority to order defendant to reimburse the county for costs paid for his representation. The order for reimbursement was not part of defendant's sentence. Furthermore, defendant was not denied his right to counsel. He was provided with court-appointed counsel and was not required to pay as a condition of representation. Instead, the court ordered defendant to repay monies spent by the county, and thus the public, for defendant's legal representation.[4] The trial court had the authority to order such reimbursement. Accordingly, the order is valid.

Affirmed.

---

[4] Defendant appeals the order entered by the circuit court *after* defendant pleaded guilty. Defendant does not address the order of appointment, apparently entered before defendant's guilty plea, which appears to order payment by defendant. While we do not characterize the order of appointment as error by the trial court, we feel it noteworthy nevertheless to point out this Court's admonition in *People v Washburn,* 66 Mich App 622; 239 NW2d 430 (1976). In *Washburn,* this Court addressed a defendant's appeal of his plea-based conviction on the ground that the trial court had entered a reimbursement order before the defendant's conviction. This Court upheld the conviction but nevertheless cautioned that

orders for the repayment of the cost of appointed counsel should not be made prior to conviction if attacks of this nature on otherwise valid guilty pleas are to be avoided. [*Id.* at 624.]