# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TERRENCE LAMONTT JOSE,

Defendant-Appellant.

FOR PUBLICATION
December 13, 2016
9:05 a.m.

No. 328603
Oakland Circuit Court
LC No. 2009-227492-FC

Before: SAAD, P.J., and METER and MURRAY, JJ.

MURRAY, J.

Defendant was granted leave to appeal[1] the June 3, 2015 order of the Oakland circuit court that denied defendant's motion to vacate an August 14, 2014 order, requiring defendant to reimburse Oakland County for the costs of assigned counsel. We reverse the June 3, 2015 order and remand for the trial court to enter an order vacating the August 14, 2014 order, as defendant is not required to reimburse the county for attorney fees.

## I. BACKGROUND

Following a jury trial defendant was convicted of first-degree criminal sexual conduct. Defendant was accused of digitally penetrating his 5-year-old daughter, who lived with defendant's former girlfriend. There was no physical evidence of penetration, and defendant denied the accusations and argued that his former girlfriend convinced the child to falsely accuse him. Defendant's trial counsel attempted to bring out the fact that the former girlfriend was still bitter about breaking up with defendant, but unsuccessfully attempted to confront her with hostile cellular telephone text messages that she apparently sent to defendant. On cross-examination the former girlfriend simply denied sending defendant any text messages, and defendant's trial counsel did not obtain any of her telephone records in advance of trial and never managed to get the text messages admitted into evidence.

Defendant appealed his conviction, and moved to remand his case for a *Ginther*[2] hearing, which this Court granted on January 2, 2013.[3] The circuit court granted defendant's motion for a

---

[1] *People v Terrence Lamontt Jose*, unpublished order of the Court of Appeals, entered February 2, 2016 (Docket No. 328603)

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] *People v Terrence Lamontt Jose*, unpublished order of the Court of Appeals, entered January 2, 2013 (Docket No. 311478).

-1-

new trial, concluding that trial counsel's failure to properly authenticate the hostile text messages and get them admitted as evidence denied defendant the effective assistance of trial counsel.[4] We subsequently denied the prosecutor's application for leave to appeal,[5] as did our Supreme Court.[6]

On February 25, 2014, the circuit court appointed lawyer Todd Kaluzny to represent defendant on retrial. Relevant to this appeal, the order states "that defendant is to repay the County of Oakland for any costs for a court-appointed attorney and any other costs incurred by the county in this case." The prosecutor subsequently decided not to proceed with a retrial and voluntarily dismissed the charge, which is reflected in the circuit court docket entries by a "final nolle prosequi" on August 7, 2014, and the filing of an "order – nolle prosequi" on December 5, 2014. Importantly, on August 14, 2014, the circuit court entered an order paying defendant's appointed trial counsel $900 for the work he performed representing defendant before retrial.

Although defendant was free from criminal charges and released from custody, he received notices stating that he owed the county $900 for the cost of his court-appointed counsel. Relying upon MCL 768.34, defendant moved to vacate the circuit court's order requiring that he reimburse the county for the cost of his court-appointed counsel, arguing that someone who had charges dismissed through nolle prosequi was not required to reimburse the county for the fees of appointed counsel. The circuit court denied defendant's motion.

II. ANALYSIS

Defendant's sole argument is that, pursuant to the plain language of MCL 768.34, the trial court erred by refusing to vacate its order requiring defendant to reimburse the county for the cost of his appointed counsel. Defendant presents a preserved issue of statutory interpretation that we review de novo. *People v Hartwick*, 498 Mich 192, 209; 870 NW2d 37 (2015).

Both parties agree that defendant's claim requires interpretation of a statute. As our Supreme Court stated in *People v Miller*, 498 Mich 13, 22-23; 869 NW2d 204 (2015):

> As with any statutory interpretation, we must give effect to the Legislature's intent by focusing first on the statute's plain language. When statutory language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written. [Footnotes omitted.]

The statute at issue in this case is MCL 768.34, which provides:

---

[4] Defendant withdrew his appeal in Docket No. 311478 after the circuit court granted his motion for a new trial. *People v Terrence Lamontt Jose*, unpublished order of the Court of Appeals, entered September 20, 2013 (Docket No. 311478).

[5] *People v Terrence Lamontt Jose*, unpublished order of the Court of Appeals, entered September 20, 2013 (Docket No. 317688).

[6] *People v Jose*, 495 Mich 939; 843 NW2d 215 (2014).

No prisoner or person under recognizance who shall be acquitted by verdict or discharged because no indictment has been found against him, or for want of prosecution, shall be liable for any costs or fees of office or for any charge for subsistence while he was in custody.

As applied to defendant, the operative words of the statute may be stated as: "No prisoner or person under recognizance who shall be . . . discharged . . . for want of prosecution, shall be liable for any costs . . . ." This straightforward language applies directly to defendant's situation, as after being released on bond pending retrial, he was a "person under recognizance."[7] He was subsequently "discharged . . . for want of prosecution" because the prosecutor declined to proceed to trial and instead filed a nolle prosequi.[8] Therefore, pursuant to the plain language of the statute, he was not "liable for *any* costs."

As we recognized in *People v Nowicki*, 213 Mich App 383, 385; 539 NW2d 590 (1995), a court's authority to require reimbursement of the expense of court-appointed counsel has been a settled matter since at least 1970. See *People v Bohm*, 393 Mich 129, 130; 223 NW2d 291 (1974); *Davis v Oakland Circuit Judge*, 383 Mich 717, 720; 178 NW2d 920 (1970); and *People v LaPine*, 63 Mich App 554, 556-558; 234 NW2d 700 (1975)[9]. But as we noted in *People v Lavan*, 53 Mich App 220, 222; 218 NW2d 797 (1974), a case in which an acquitted defendant attempted to rely on MCL 768.34 as authority for an *award* of costs and fees, "[t]he statute merely states that an acquitted person cannot be made to pay for the administrative expenses incurred by the state in the prosecution of the case against him. It does not grant defendant the power to have his costs taxed to the state."

---

[7] "A recognizance is a common law obligation, and, by the common law, the sureties may be bound separately from their principals." *People v Dennis*, 4 Mich 609 (1857). Also, "[a] recognizance is said to be an obligation of record, with condition to be void on performance of some act specified. It is entered into either before some court of record, or before a magistrate out of court, and afterwards enrolled in a court of record . . . . If the condition was the performance of some act in court – as to appear and answer, or to give evidence, or prosecute – the breach is to be adjudged by the court and entered of record when it occurs. . . . A recognizance binding a party to appear in court, is said to be forfeited if he fail to appear, be the cause of his absence what it may. . . ." *Lang v People*, 14 Mich 439, 442 (1866).

[8] "In Michigan, normally nolle prosequi is a dismissal without prejudice which does not preclude initiation of a subsequent prosecution." *People v McCartney*, 72 Mich App 580, 585; 250 NW2d 135 (1976), citing *People v Reagan*, 395 Mich 306; 235 NW2d 581 (1975). In order to obtain a nolle prosequi, the prosecutor must state on the record the reasons for seeking such an order. *People v Glass*, 464 Mich 266, 278; 627 NW2d 261 (2001). In its petition for nolle prosequi, the prosecution stated that after meeting with the witnesses in preparation for the retrial, it was learned that the minor victim did not want to proceed to trial again, and without her testimony the prosecutor could not sustain its burden of proof. Based on this representation, the court granted the petition and entered an order of nolle prosequi dismissing the case.

[9] The Legislature subsequently amended MCL 769.1k in 2005 to specifically provide authority for a trial court to order reimbursement for the expenses of providing legal assistance to the defendant as part of the sentence. MCL 769.1k (1)(b)(*iii*). See generally *People v Cunningham*, 496 Mich 145, 151-152; 852 NW2d 118 (2014).

We hold that the clear statutory directive contained in MCL 768.34 precludes a trial court from ordering reimbursement of any costs—including the cost of appointed counsel—for a defendant whose prosecution is suspended or abandoned. Because that is what occurred here, the trial court erred in not vacating its August 14, 2014 order requiring defendant to reimburse the county.

The prosecutor alternatively argues that there was authority for the court to order reimbursement pursuant to MCR 6.005(C). This court rule relates to the appointment of counsel for indigent defendants and provides:

> (C) Partial Indigency. If a defendant is able to pay part of the cost of a lawyer, the court may require contribution to the cost of providing a lawyer and may establish a plan for collecting the contribution.

We recognized in *Nowicki* that there is a difference between an order for contribution to the cost of a court-appointed attorney by a defendant who is only partially indigent as a condition for the appointment of the attorney, and reimbursement of the cost of an appointed attorney following a defendant's conviction:

> MCR 6.005(C) provides for a defendant's contribution to the cost of providing a lawyer where the defendant "is able to pay part of the cost of a lawyer." However, the 1989 staff comment to MCR 6.005(C) provides that "[t]his subrule pertains to contribution and should not be construed as authorizing subsequent reimbursement." This subrule is based on 1 ABA Standards for Criminal Justice (2d ed), Standard 5-6.2: "The ability to pay part of the cost of adequate representation should not preclude eligibility." See 1989 staff comment. Before the adoption of this court rule, the Michigan Supreme Court adopted § 6.2 (Partial Eligibility) of the ABA Standards relating to Providing Defense Services in addressing the problem of representation of an individual who, although perhaps "not impecunious, [is nevertheless] indigent insofar as ability to hire a competent lawyer." [*People v*] *Bohm,* [393 Mich] at 130[, n 1]. Rather than preclude eligibility, the Court held that the defendant was entitled to counsel. *Id*. We believe MCR 6.005(C) addresses this concern and accordingly provides for contribution by a defendant "able to pay part of the cost of a lawyer." However, this subsection does not preclude trial courts from ordering subsequent reimbursement of expenses paid for court-appointed counsel. [*Nowicki*, 213 Mich at 386-387, n 3.]

Thus, we have differentiated between an order for "contribution" (which suggests an on-going obligation during the term of the appointment) and "reimbursement" (which suggests an obligation arising after the term of appointment has ended).[10] The applicable statute, MCL

---

[10] The dictionary definitions of "contribution" are: 1) a payment (as a levy or tax) imposed by military, civil, or ecclesiastical authorities usu. for a special or extraordinary purpose; 2: the act of contributing[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed), p 272. By way of contrast, the definitions of "reimburse" are: 1: to pay back to someone: REPAY 2: to make restoration or payment of an equivalent to[.]" *Id*. at 1049.

768.34, forbids reimbursement and the trial court ordered "that defendant is to repay the County of Oakland for any costs for a court-appointed attorney and any other costs incurred by the county in this case." The court never determined that defendant was "able to pay part of the cost of a lawyer" and never "require[d] contribution." MCR 6.005(C).

Finally, we reject the prosecutor's argument that the statute is directed at reimbursement of the costs of incarceration, not attorney fees. This argument cannot be squared with the plain statutory language which states that it applies to three types of reimbursement: costs, fees of office, or charges for subsistence. MCL 768.34. It is only the last of these three that involves the costs associated with a defendant's incarceration, and the fact that the statute sets these three types of costs apart shows that they are to be treated separately. Defendant was not ordered to pay back the charges associated with his subsistence during his incarceration; he was ordered to reimburse his appointed counsel costs. This is clearly the first of the three types of assessments—a type of "cost"—and under the plain statutory language, the trial court was forbidden to assess *any* costs against a defendant who was discharged after the prosecution decided to no longer pursue the charges.

We reverse the June 3, 2015 order and remand for the trial court to enter an order vacating the August 14, 2014 order requiring defendant to reimburse the county for attorney fees. We do not retain jurisdiction.


/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Patrick M. Meter