PEOPLE v TRAPP

Docket No. 282662. Submitted September 3, 2008, at Lansing. Decided
    September 9, 2008, at 9:05 a.m.

 Joseph A. Trapp pleaded guilty in the Berrien Circuit Court of
    possession of child sexually abusive material. As part of the
    judgment of sentence, the court, Scott Schofield, J., ordered the
    defendant to pay $300 in costs for his appointed counsel. The
    defendant sought delayed leave to appeal, which the Court of
    Appeals denied. The Supreme Court, in lieu of granting leave to
    appeal, remanded the case to the Court of Appeals to consider as
    on leave granted the issue whether the trial court was required to
    comply with the procedural safeguards of *People v Dunbar*, 264
    Mich App 240, 251-256 (2004), in particular the requirement that
    the Court consider the defendant's present and future ability to
    pay those costs before ordering reimbursement. 481 Mich 889
    (2008).

 The Court of Appeals *held*:

 Under *Dunbar*, a person who had counsel appointed can be
    ordered to reimburse the county for the costs of that representa-
    tion, if reimbursement could be made without substantial hard-
    ship. A court need not make specific findings on the record
    regarding the defendant's ability to pay, but must provide some
    indication that it considered the defendant's financial situation
    before ordering reimbursement. The amount to be reimbursed
    must be related to the defendant's present and future ability to
    pay. The court must give the defendant notice and an opportunity
    to be heard before ordering payment. MCL 769.1k(b)(*iii*), which
    took effect on January 1, 2006, allows the court to order reim-
    bursement of the expenses for a court-appointed attorney, but did
    not eliminate the *Dunbar* requirement that the trial court consider
    a defendant's ability to pay before ordering reimbursement. A
    remand for further proceedings is necessary in this case because
    the trial court gave no indication that it considered the defendant's
    present and future ability to reimburse the county.

 Vacated in part and remanded.

CRIMINAL LAW — ATTORNEY AND CLIENT — COURT-APPOINTED ATTORNEYS —
    REIMBURSEMENT OF COSTS BY CRIMINAL DEFENDANTS.

> A court must consider a defendant's present and future ability to pay
> before ordering the defendant in a criminal case to reimburse the
> expenses for court-appointed counsel (MCL 769.1k[b][*iii*]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Arthur J. Cotter*, Prosecuting Attorney, and *Aaron J. Mead*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Valerie R. Newman*) for the defendant.

Before: WHITBECK, P.J., and BANDSTRA and DONOFRIO, JJ.

PER CURIAM. Our Supreme Court has remanded this case for consideration as on leave granted. Defendant appeals that portion of the judgment of sentence requiring him to pay $300 for the cost of appointed counsel. We vacate that portion of the judgment and remand this matter for further proceedings. We have decided this appeal without oral argument, pursuant to MCR 7.214(E).

Defendant pleaded guilty of possession of child sexually abusive material, MCL 750.145c(4). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to a term of two to six years in prison. The trial court also ordered defendant to pay statutory and court costs and $300 in appointed counsel costs.

This Court denied defendant's delayed application for leave to appeal, but our Supreme Court, in lieu of granting leave to appeal, remanded this matter for consideration of the issue whether the trial court, before ordering reimbursement of the cost of court-

appointed counsel, was required to consider defendant's present and future ability to pay those costs.

A person who was afforded appointed counsel might be ordered to reimburse the county for the costs of that representation, if such reimbursement could be made without substantial hardship. A court need not make specific findings on the record regarding the defendant's ability to pay, but must provide some indication that it considered the defendant's financial situation before ordering reimbursement. The amount to be reimbursed must be related to the defendant's present and future ability to pay. A court must afford the defendant notice and an opportunity to be heard before ordering payment of appointed counsel expenses. *People v Dunbar*, 264 Mich App 240, 251-255; 690 NW2d 476 (2004); MCR 6.005(B).

MCL 769.1k(1), which became effective on January 1, 2006, provides in pertinent part:

> If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred pursuant to statute or sentencing is delayed pursuant to statute:
>
> (a) The court shall impose the minimum state costs as set forth in [MCL 769.1j].
>
> (b) The court may impose any or all of the following:
>
> (*i*) Any fine.
>
> (*ii*) Any cost in addition to the minimum state cost set forth in subdivision (a).
>
> (*iii*) The expenses of providing legal assistance to the defendant.
>
> (*iv*) Any assessment authorized by law.

(v) Reimbursement under [MCL 769.1f].

This statute does not eliminate the requirement set forth in *Dunbar* that the trial court consider a defendant's ability to pay before ordering reimbursement of appointed counsel costs. See *People v Arnone,* 478 Mich 908 (2007).

Defendant failed to object to the order requiring him to pay attorney fees; therefore, our review is for plain error. *People v Carines,* 460 Mich 750, 763-764; 597 NW2d 130 (1999). A review of the sentencing transcript shows that the trial court gave no indication that it considered defendant's ability to pay before ordering reimbursement.

Defendant asserts that he owes the county and the state more than $10,000 and maintains that he has no ability at present, and will have no ability in the future, to reimburse the county for the cost of his appointed counsel in this case. The trial court gave no indication that it considered any such information when ordering defendant to reimburse the county for the cost of appointed counsel. Therefore, a remand for further proceedings is necessary. *Dunbar, supra* at 251-255.

We vacate that portion of the judgment of sentence requiring defendant to pay the county $300 for the cost of his appointed counsel and remand this matter to the trial court for consideration of defendant's present and future ability to reimburse the county for the cost of representation.

An evidentiary hearing is not required on remand. The trial court may rely on an updated report from the probation department. See *id.* at 255 n 14. If the trial court concludes that the reimbursement requirement should be eliminated or modified, it should enter an amended judgment of sentence to that effect. MCL

769.1k(b)(*iii*) provides legislative authorization for an order requiring payment of fees for a court-appointed attorney; therefore, such an order may be made part of the judgment of sentence, if appropriate.

We affirm the judgment in all other respects. We do not retain jurisdiction.