# Order

Michigan Supreme Court
Lansing, Michigan

November 14, 2008

136524

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

KENA BANKS,
        Defendant-Appellant.

_____/

SC: 136524
COA: 283547
Macomb CC: 02-002978-FH

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the April 2, 2008 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

CORRIGAN, J. (*concurring*).

I concur in the order denying leave to appeal because I do not believe a trial court is required to assess ability to pay under *People v Dunbar*, 264 Mich App 240 (2004), before requiring a defendant who is in prison to commence payment of the cost of a court appointed attorney.

In 2003, defendant pleaded no contest to a charge of assault with a dangerous weapon and was sentenced to probation. The January 21, 2003, judgment of sentence required her to pay attorney fees in an amount later calculated to be $810. Defendant failed to pay the fees. After she later pleaded guilty of second-degree murder in connection with a crime committed on October 7, 2006, defendant was sentenced to 22 to 40 years of imprisonment. After she began serving her prison sentence and obtained employment in prison, the trial court entered an "Order to Remit Prisoner Funds for Fines, Costs, and Assessments," requiring the Department of Corrections to collect 50 percent of the funds defendant receives over $50 a month and remit the funds to Macomb County.

Defendant then filed a motion to modify the attorney fee order in the trial court. Citing *Dunbar*, she asked the court to suspend restitution payments to the county until she was released from prison and at that point conduct a *Dunbar* hearing to assess her ability to pay. The trial court denied the motion on November 30, 2007. Defendant filed an application for leave to appeal in the Court of Appeals, and the Court denied leave to appeal under MCR 6.508(D).

I concur in this Court's denial order because I do not believe that the trial court was required to assess defendant's ability to pay under *Dunbar* before entering the order to remit prisoner funds. The Legislature has specifically provided a procedure by which counties are to recoup attorney fees from defendants who are sentenced to prison. MCL 769.1k(1)(b)(*iii*) explicitly gives a trial court the authority to order reimbursement of attorney fees,[1] and MCL 769.1*l*[2] requires the Department of Corrections to deduct funds from the prisoner's account upon receiving such an order. This statutory scheme leaves no room for a *Dunbar* requirement where the defendant is in prison, so defendant here is ineligible for a *Dunbar* hearing.

KELLY, J. (*dissenting*).

I dissent from the order denying leave to appeal. I would remand this case for a hearing to assess defendant's ability to pay now and in the future pursuant to *People v Dunbar*.[3]

---

[1] MCL 769.1k(1)(b)(*iii*) permits the trial court to "impose . . . [t]he expenses of providing legal assistance to the defendant."

[2] MCL 769.1*l* provides:

> If a prisoner under the jurisdiction of the department of corrections has been ordered to pay any sum of money as described in section 1k and the department of corrections receives an order from the court on a form prescribed by the state court administrative office, the department of corrections shall deduct 50% of the funds received by the prisoner in a month over $50.00 and promptly forward a payment to the court as provided in the order when the amount exceeds $100.00, or the entire amount if the prisoner is paroled, is transferred to community programs, or is discharged on the maximum sentence. The department of corrections shall give an order of restitution under section 20h of the corrections code of 1953, 1953 PA 232, MCL 791.220h, or the crime victim's rights act, 1985 PA 87, MCL 780.751 to 780.834, priority over an order received under this section.

MCL 769.1k and MCL 769.1*l* became effective on January 1, 2006, which is after the trial court entered the judgment of sentence requiring defendant to pay attorney fees, but before it entered the order to remit prisoner funds.

[3] *People v Dunbar*, 264 Mich App 240 (2004).

Justice Corrigan is correct that the trial court was not required to hold a *Dunbar* hearing to assess the defendant's ability to pay before entering the order to remit prisoner funds. But the *Dunbar* requirements should have been adhered to earlier when defendant was sentenced and assessed attorney fees.

In *Dunbar*, the Court of Appeals held that a trial court that orders a convicted defendant to reimburse fees for his court-appointed attorney must provide "some indication . . . that it considered defendant's ability to pay."[4] The court also held that "in most cases, challenges to the reimbursement order will be premature if the defendant has not been required to commence repayment."[5]

In this case, at Macomb County's request, the trial court entered an order to remit prisoner funds for fines, costs, and assessments on October 2, 2007. Defendant filed a motion for relief from judgment on November 15, 2007. Therefore, defendant timely challenged the reimbursement order pursuant to *Dunbar*. There is no indication on the record that the trial court ever assessed defendant's ability to pay attorney fees.

In addition, the statutes cited by Justice Corrigan are inapplicable and do not support her contention that defendant "is ineligible for a *Dunbar* hearing." Neither MCL 769.1k nor MCL 769.1*l* diminishes a trial court's responsibility to assess a defendant's ability to pay before ordering restitution. The Court of Appeals recently held explicitly that MCL 769.1k "does not eliminate the requirement, set forth in *Dunbar, supra*, that the trial court consider a defendant's ability to pay prior to ordering reimbursement of appointed counsel costs."[6]

Finally, MCL 769.1*l* does not remove the need for a trial court to conduct a *Dunbar* hearing for all defendants, including prisoners. It is a ministerial statute outlining the procedures that the Department of Corrections must follow when removing funds from a prisoner's account.

---

[4] *Dunbar*, *supra* at 254-255.

[5] *Id.* at 256, citing *People v Guajardo*, 213 Mich App 198, 202 (1995); *People v LaPine*, 63 Mich App 554, 556, 558 (1975).

[6] *People v Trapp* (*On Remand*), ___ Mich App ___ (Docket No. 282662, issued September 9, 2008). This Court denied leave to appeal in *Trapp*. ___ Mich ___ (Docket No. 136056, entered November 5, 2008).

4

For these reasons, I would remand this case to the trial court for a *Dunbar* hearing.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 14, 2008

_____
Clerk

d1110