PEOPLE v WALLACE

Docket No. 283079. Submitted June 2, 2009, at Grand Rapids. Decided
    June 16, 2009, at 9:10 a.m.
  Steven C. Wallace pleaded guilty in the Muskegon Circuit Court of
    receiving stolen property and larceny in a building. In sentencing
    the defendant, the court, James M. Graves, Jr., J., pursuant to
    MCL 769.1k(1)(a) and (b), imposed various costs. The defendant
    appealed by leave granted, claiming that costs were improperly
    imposed under MCL 769.1k(1)(b) because the trial court failed to
    consider his ability to pay before imposing them.
        The Court of Appeals *held*:
        The plain language of MCL 769.1k does not require a trial court
    to consider a defendant's ability to pay before imposing discretion-
    ary costs and fees other than those for the expense for providing a
    court-appointed attorney to the defendant.
        Affirmed.

SENTENCES — COURT COSTS.

  A sentencing court need not consider a defendant's ability to pay
    before imposing on the defendant discretionary costs and fees
    other than those for the expense of providing a court-appointed
    attorney to the defendant (MCL 769.1k).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*,
Solicitor General, *Tony Tague*, Prosecuting Attorney,
and *Charles F. Justian*, Chief Appellate Attorney, for
the people.

*Nina Backon* for the defendant.

Before: BECKERING, P.J., and WILDER and DAVIS, JJ.

PER CURIAM. Defendant appeals by leave granted his
guilty plea conviction of receiving stolen property worth

between $1,000 and $20,000, MCL 750.535(3)(a), and larceny in a building, MCL 750.360. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 28 to 90 months' imprisonment for receiving stolen property, to be served concurrently with 90 days' jail time for larceny in a building, with 158 days' credit. Defendant specifically appeals the trial court's assessment of court fees in the sentencing order, contending that the trial court was not permitted to do so without first considering his ability to pay.[1] We affirm.

"A trial court may require a convicted defendant to pay costs only where such a requirement is expressly authorized by statute." *People v Nance*, 214 Mich App 257, 258-259; 542 NW2d 358 (1995). The trial court imposed the costs at issue pursuant to MCL 769.1k(1), which provides in relevant part as follows:

> If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred pursuant to statute or sentencing is delayed pursuant to statute:
>
> (a) The court shall impose the minimum state costs as set forth in [MCL 769.1j].
>
> (b) The court may impose any or all of the following:
>
> (*i*) Any fine.
>
> (*ii*) Any cost in addition to the minimum state cost set forth in subdivision (a).
>
> (*iii*) The expenses of providing legal assistance to the defendant.
>
> (*iv*) Any assessment authorized by law.
>
> (*v*) Reimbursement under [MCL 769.1f].

---

[1] Defendant concedes that some of the assessments are mandatory, and this appeal only pertains to the imposition of discretionary fees.

Defendant argues that the instant situation parallels that of *People v Dunbar*, 264 Mich App 240; 690 NW2d 476 (2004), which requires consideration of a defendant's ability to pay before the imposition of attorney fees.[2] We disagree.[3]

In *Dunbar*, this Court determined the imposition of attorney fees improper because "the record [was] devoid of any indication that the [trial] court recognized that defendant's ability to pay needed to be considered when imposing a reimbursement requirement, unlike fines and costs." *Dunbar, supra* at 255. This Court observed that no statutory scheme existed at the time governing payment of fees for court-appointed attorneys. *Id.* at 254 n 12, 256 n 15. The Legislature then enacted MCL 769.1k, which "[did] not eliminate the requirement set forth in *Dunbar* that the trial court consider a defendant's ability to pay before ordering reimbursement of appointed counsel costs." *People v Trapp*, 280 Mich App 598, 601; 760 NW2d 791 (2008). By extension, MCL 769.1k likewise did not *impose* any requirement upon trial courts to consider a defendant's ability to pay before imposing other costs. However, the Legislature certainly could have done so: see MCL 771.3(6). "The omission of a provision in one statute that is included in another statute should be construed

---

[2] On January 28, 2009, our Supreme Court granted leave to appeal in *People v Jackson*, 483 Mich 884 (2009). Among the issues our Supreme Court directed the parties to brief was whether *Dunbar* was correctly decided and whether trial courts are required to consider a defendant's ability to pay attorney fees as held in *Dunbar* before imposing such fees under MCL 769.1k. Because *Dunbar* distinguished attorney fees from other costs or fines, and because *Jackson* appears to be concerned only with attorney fees, we think that the Supreme Court's grant of leave in *Jackson* has no bearing on this case.

[3] Again, defendant does not contest the imposition of mandatory costs under MCL 769.1k(1)(a). Rather, defendant contends that impositions under MCL 769.1k(1)(b) implicate *Dunbar*.

as intentional, and provisions not included by the Legislature may not be included by the courts." *Donkers v Kovach*, 277 Mich App 366, 371; 745 NW2d 154 (2007).

The plain language of MCL 769.1k does not require the trial court to consider a defendant's ability to pay before imposing discretionary costs and fees other than those for the expense for a court-appointed attorney. Defendant relies on two unpublished opinions of this Court, neither of which has any precedential effect even if we were to construe them as impliedly imposing such a requirement. See MCR 7.215(J)(1). Defendant further raises several arguments that pertain to the wisdom of permitting such impositions without consideration of his ability to pay, but "[t]he wisdom of [a] policy is a political question to be resolved in the political forum." *People v Morris*, 450 Mich 316, 336; 537 NW2d 842 (1995). We decline to read this requirement into the statute.

Affirmed.