## PEOPLE v TIMS

Docket No. 67506. Submitted February 7, 1983, at Lansing.—Decided
July 20, 1982.

Carl J. Tims was convicted, on his plea of guilty, of attempted
entering or breaking into a motor vehicle, Jackson Circuit
Court, Charles J. Falahee, J. Defendant was sentenced to six
months incarceration and ordered to pay court costs of $1,000
or spend an additional six months in jail. Defendant appeals,
alleging that the sentence is invalid. *Held:*

The conditional sentencing statute authorizes imposition of a
conditional sentence and a fine, with or without costs, to be
paid within a stated time. It does not authorize assessment of
costs without imposition of a fine. The sentence is invalid
because it is not within the confines of the statute under which
it was imposed.

The portion of the sentence requiring defendant to pay costs
or serve additional time in jail is vacated.

Criminal Law — Sentencing — Conditional Sentences.

A sentencing court may, under the provisions of the conditional
sentencing statute, impose a conditional sentence and order the
defendant to pay a fine, with or without costs, within a certain
time or suffer imprisonment; the statute does not authorize
either a conditional sentence and imposition of costs where a
fine is not imposed or any conditional sentence which does not
express a time within which the fine must be paid (MCL 769.3;
MSA 28.1075).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Reference for Points in Headnote
21 Am Jur 2d, Criminal Law §§ 540, 617.

Before: DANHOF, C.J., and V. J. BRENNAN and N. A. BAGULEY,* JJ.

PER CURIAM. Upon his plea of guilty, defendant was convicted of attempted entering or breaking into a motor vehicle, MCL 750.356a; MSA 28.588(1); MCL 750.92; MSA 28.287. Defendant was sentenced to six months in the county jail and ordered to pay court costs of $1,000 or spend an additional six months in jail. On appeal, defendant challenges the validity of his sentence.

Defendant argues that the sentence given him was not authorized by statute. The prosecutor argues that the sentence was authorized by MCL 769.3; MSA 28.1075, which states in part:

"When any persons shall be convicted of an offense punishable at the discretion of the court, either by fine or imprisonment in the county jail or by a fine or imprisonment in the state prison, the court may award against such offender a conditional sentence and order him to pay a fine, with or without the costs of prosecution, within a limited time to be expressed in the sentence, and, in default thereof, to suffer such imprisonment as is provided by law and awarded by the court."

Because defendant was convicted of an offense punishable by either fine or imprisonment, the sentencing judge could have imposed a conditional sentence and ordered him to pay a fine, with or without costs, within a limited time expressed in the sentence. In the present case, no fine was imposed. Under the statute, costs may be assessed only where a fine is imposed. The alternative sentence of jail or costs is, therefore, not authorized by the statute. Because the court's sentencing authority is confined to the limits permitted by

* Circuit judge, sitting on the Court of Appeals by assignment.

the statute under which it acts, the alternative sentence imposed on defendant is invalid. See *In re Callahan,* 348 Mich 77, 80; 81 NW2d 669 (1957). The order to defendant to pay court costs of $1,000 or serve an additional six months in jail is vacated because it is an attempt to impose an invalid sentence.

We also note that any conditional sentence imposed under MCL 769.3; MSA 28.1075 must express a limited time in which the fine (with or without the costs of prosecution) may be paid. Absent such a provision, a conditional sentence does not comply with the statute.

We decline to address defendant's constitutional claim and his claim for additional credit for time served prior to the imposition of his sentence. We need not reach the first issue. The second issue is moot, due to our decision to vacate the remainder of defendant's sentence.

That part of defendant's sentence requiring him to pay $1,000 in court costs or serve an additional six months in jail is vacated.