PEOPLE v MICHAEL JONES

Docket No. 113607. Submitted September 8, 1989, at Lansing. Decided October 10, 1989.

Michael C. Jones pled guilty in the Bay Circuit Court to possession with intent to deliver marijuana, possession of LSD, and being an habitual offender. The court, Ira W. Butterfield, J., imposed concurrent prison sentences of four to six years for the marijuana and habitual offender convictions and one year for the LSD conviction. The court also assessed defendant costs of $1,500 on the marijuana conviction. Defendant appealed.

The Court of Appeals *held:*

1. A criminal defendant may be required to pay costs only where such a requirement is expressly authorized by statute. Here, neither the statute proscribing the possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), nor the habitual offender statute, MCL 769.10; MSA 28.1082, provide for the imposition of costs. The trial court's order of costs therefore exceeds the penalties prescribed by the statutes under which defendant was convicted. Although there is authority in support of either vacating the order of costs or remanding the case for a resentencing, the appropriate remedy in this case would be to vacate the assessment of costs.

2. The prison term imposed for the marijuana and habitual offender convictions is not so excessive as to be shocking to the conscience of the Court of Appeals.

Affirmed in part and vacated in part.

CRIMINAL LAW — COURT COSTS.

A criminal defendant may be required to pay costs only where such a requirement is expressly authorized by statute.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law § 1049.

See the Index to Annotations under Costs of Actions; Conviction.

State Appellate Defender (by *Jack Van Covering*), for defendant on appeal.

Before: DANHOF, C.J., and CYNAR and WEAVER, JJ.

PER CURIAM. Defendant, Michael Craig Jones, pled guilty to possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15 (7401)(2)(c), possession of LSD, MCL 333.7403(2)(c); MSA 14.15(7403)(2)(c), and being an habitual offender, MCL 769.10; MSA 28.1082. In exchange for his plea, the prosecutor dismissed a charge of possession with intent to deliver LSD. The trial court sentenced defendant to a term of four to six years of imprisonment for the marijuana and habitual offender convictions, and a concurrent term of one year in jail for the LSD conviction. The court also assessed costs against defendant of $1,500 on the conviction for possession with intent to deliver marijuana. Defendant appeals as of right. We affirm in part and vacate in part.

Defendant argues first that the trial court's imposition of costs was without authority and should be vacated. We agree.

A trial court may only require a convicted defendant to pay costs where such a requirement is expressly authorized by statute, *People v Watts,* 133 Mich App 80, 84; 348 NW2d 39 (1984), lv den 419 Mich 938 (1984). Further, except as otherwise provided by statute, the Supreme Court may by rule regulate the taxation of costs, *People v Cousino,* 81 Mich App 416, 418; 265 NW2d 355 (1978), lv den 402 Mich 950e (1978); MCL 600.2401; MSA 27A.2401.

Moreover, as noted in *People v Tims,* 127 Mich App 564, 565-566; 339 NW2d 488 (1983), in which our Court vacated a trial court's order to the

defendant to pay court costs of $1,000 or serve an additional six months in jail, "the court's sentencing authority is confined to the limits permitted by the statute under which it acts."

Here, the trial court imposed costs, in addition to a prison term, on defendant's conviction for possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). However, there is no express provision for the imposition of costs under either that statute or the habitual offender statute, MCL 769.10; MSA 28.1082. Furthermore, though provision for the assessment of costs is expressed in both the conditional sentence statute, MCL 769.3; MSA 28.1075, and the probation statute, MCL 771.3; MSA 28.1133, for obvious reasons neither statute is applicable to the facts of this case.

We are not persuaded by the prosecution's argument that the trial court's authority to impose costs as part of the defendant's sentence may be found in § 2455 of the Revised Judicature Act, MCL 600.2455; MSA 27A.2455, which provides:

> Costs in the circuit court, in the district court, and in municipal courts of record having civil jurisdiction, may be taxed by any of the judges or clerks of the courts and upon notice and proceedings *as shall be provided by the rules of the supreme court.* [Emphasis added.]

However, the prosecutor does not cite any court rule, nor any other authority for that matter, which would permit a trial court to impose as part of a criminal defendant's sentence terms different than, or in excess of, those prescribed by the statute under which he or she is convicted.

Further, MCL 600.2455; MSA 27A.2455 is subject to MCL 600.2401; MSA 27A.2401, which states:

*Except as otherwise provided by statute,* the supreme court shall by rule regulate the taxation of costs. When costs are allowed in any action or proceeding in the supreme court, the circuit court or the district court the items and amount thereof shall be governed by this chapter except as otherwise provided in this act. [Emphasis added.]

Thus, any imposition of costs as part a criminal sentence pursuant to any court rule promulgated by the Supreme Court in accordance with the RJA would run afoul of MCL 769.24; MSA 28.1094, which provides:

Whenever, in any criminal case, the defendant shall be adjudged guilty and a punishment by fine or imprisonment shall be imposed in excess of that allowed by law, the judgement shall not for that reason alone be judged altogether void, nor be wholly reversed and annulled by any court of review, but the same shall be valid and effectual to the extent of the lawful penalty, and shall only be reversed or annulled on writ of error or otherwise, in respect to the unlawful excess.

While the above statute does not expressly speak in terms of "costs," its intent is plainly to limit any sentence imposed to the terms prescribed by the penal statute at issue.

We note that there is authority to support either vacating the imposition of costs only, *Tims, supra,* or remanding for resentencing, *Watts, supra.* In this case, we believe that the most appropriate remedy is to simply vacate the trial court's assessment of costs.

Defendant also argues that his sentence of four to six years for possession with intent to deliver marijuana and habitual offender was so excessive as to be shocking to the judicial conscience. We disagree.

The reasons given on the record by the trial court in imposing sentence were proper, sufficient and supported by the record. The trial court noted defendant's lack of rehabilitative progress, defendant's drug use, the seriousness of his conviction for possession with intent to deliver marijuana, his inability to hold a job, his "long list" of past criminal violations (some of them juvenile), and the need to deter defendant from any future criminal activity. Defendant's sentence does not shock the conscience of this Court. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Affirmed in part and vacated in part.