PEOPLE v KRIEGER

Docket No. 140881. Submitted March 2, 1993, at Lansing. Decided
August 25, 1993; approved for publication October 28, 1993, at
9:10 A.M.

Matthew P. Krieger pleaded guilty but mentally ill in the Me-
costa Circuit Court, Lawrence C. Root, J., to charges of at-
tempted false pretenses over $100 and attempted uttering and
publishing. For each conviction, the defendant was ordered to
spend one year in the county jail and five years on probation
and to pay court costs and fines. He subsequently pleaded
guilty of violating the terms of his probation and was sentenced
to imprisonment for three years and four months to five years
and ordered to pay court costs and fines. The defendant also
pleaded no contest to a charge of false pretenses over $100 and
was sentenced to pay certain expenses incurred by the county
for the defendant's medical treatment while he was incarcer-
ated in the county jail. The defendant appealed, challenging
the assessment of costs and fees for probation violation and the
requirement that he reimburse the county for the costs of
medical care.

The Court of Appeals *held:*

1. A sentencing court that revokes probation may proceed to
sentence the probationer in the same manner and to the same
penalty as if the probation order had never been entered. The
trial court in this case lacked authority to impose costs and
fines upon revoking the defendant's probation because the
general attempt statute under which the defendant was con-
victed, MCL 750.92; MSA 28.287, does not provide for the
imposition of fines or costs.

2. Because costs and fees were assessed as conditions of
probation, and because all conditions ceased to exist once
probation was revoked, the trial court was without authority to
continue to require payment of costs and fees.

3. The trial court lacked authority to require the defendant
to reimburse the county for medical expenses. The false pre-

REFERENCES

Am Jur 2d, Criminal Law §§ 567-579.
See ALR Index under Parole, Probation, and Pardon.

tenses statute, MCL 750.218; MSA 28.415, does not provide for recoupment of medical expenses. The county may seek reimbursement in a civil action as provided under MCL 801.87; MSA 28.1770(7) and MCL 801.5a; MSA 28.1725(1).

Portions of judgments of sentence ordering fines, costs, and reimbursement of medical costs vacated.

Sentences — Probation Violation — Fines and Costs.

Fines or court costs may be imposed as part of a sentence for probation violation only where the penal statute under which the defendant originally was convicted provides for the imposition of fines or costs (MCL 771.4; MSA 28.1134).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James R. Samuels,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*Jeanice Dagher-Margosian,* for the defendant on appeal.

Before: Michael J. Kelly, P.J., and Marilyn Kelly and Connor, JJ.

Per Curiam. This is an appeal from decisions in three Mecosta Circuit Court cases. Defendant argues that the trial court erred in preserving an earlier assessment of court costs and fines after revoking his probation. He asserts, also, that the court lacked authority to order restitution to the county for his medical expenses. We vacate those portions of the judgments of sentence requiring defendant to pay fines, costs and medical expenses.

In case No. 87-2140-FH, defendant pled guilty but mentally ill to attempted false pretenses over $100. MCL 750.92; MSA 28.287; MCL 750.218; MSA 28.415. In case No. 87-2218-FH, he pled guilty but mentally ill to attempted uttering and publishing. MCL 750.92; MSA 28.287; MCL 750.249; MSA 28.446. His sentence in both cases was one year in the county jail and five years'

probation. Defendant was assessed $50 in fines and $200 in court costs in each case.

Defendant failed to comply with the terms of his sentences and ultimately pled guilty to violating his probation. His sentence was three years and four months to five years in prison. The court preserved defendant's probation obligation to pay $400 in court costs and $100 in fines.

In case No. 91-2826-FH, defendant pled no contest but mentally ill to false pretenses over $100. MCL 750.218; MSA 28.415. His sentence was three to ten years in prison. The court required defendant to pay $1,659.10 in medical expenses which he had incurred while incarcerated.

I

Defendant argues that the trial court erred in mandating that he have continuing liability for court costs and fines assessed as a condition of probation after probation had been revoked. Without question, a trial court has the authority to award costs and fines as a condition of probation. MCL 771.3; MSA 28.1133. However, its sentencing authority is confined to the limits permitted by the statute under which it acts. *People v Jones,* 182 Mich App 125, 126-127; 451 NW2d 525 (1989), citing *People v Tims,* 127 Mich App 564, 565-566; 339 NW2d 488 (1983). It may not award costs, unless there is "express provision" for them in the underlying statute. See *Jones,* 127.

If it revokes probation, the trial court may proceed to sentence the probationer in the same manner and to the same penalty as if the probation order had never been entered. MCL 771.4; MSA 28.1134. Here, defendant was convicted of attempted false pretenses over $100 and attempted uttering and publishing. The general attempt stat-

ute does not provide for the imposition of fines or costs. MCL 750.92; MSA 28.287. Therefore, the trial court lacked authority to impose costs and fines under that statute.

The prosecutor argues that the probation revocation statute grants the trial court authority to retain previously assessed costs and fines once probation is revoked. The statute provides in part:

> All probation orders shall be revocable in any manner which the court which imposed probation shall consider applicable either for a violation or attempted violation of a condition of probation or for any other type of antisocial conduct or action on the part of the probationer which shall satisfy the court that revocation is proper in the public interest. [MCL 771.4; MSA 28.1134.]

There is no "express provision" in the probation revocation statute for the imposition of costs or fines. See *Jones,* 127. We believe that the language "revocable in any manner which the court . . . shall consider applicable" does not mean that the trial court can revoke only a portion of the probation order. In this case, the fines and costs had been assessed as a condition of probation. Once probation was revoked, no outstanding conditions existed. Therefore, we find that the trial court was without authority to retain the imposition of court costs and fines.

II

Defendant also argues that the court erred in requiring him to reimburse the sheriff's department for his medical expenses. During sentencing on the false pretenses conviction, the trial court noted that the sheriff's department requested re-

imbursement for medical care provided to defendant. Defendant indicated he was willing and able to make restitution. Based on the representation, the trial court assessed defendant $1,659.10 in medical expenses.

The trial court here lacked authority to require defendant to reimburse the county for medical expenses. The penal statute governing the crime of false pretenses does not provide for recoupment of medical expenses. MCL 750.218; MSA 28.415. Moreover, the county may seek reimbursement of medical expenses by a civil action. MCL 801.87; MSA 28.1770(7); MCL 801.5a; MSA 28.1725(1). Having created a civil mechanism for it, the Legislature probably did not intend to give judges authority to compel reimbursement for medical expenses as part of a criminal sentence. See *People v Gonyo,* 173 Mich App 716; 434 NW2d 223 (1988); *People v Kramer,* 137 Mich App 324, 325; 358 NW2d 10 (1984).

We vacate those portions of the judgments of sentence which ordered the payment of fines, court costs and restitution of medical expenses.