PEOPLE v NANCE

Docket No. 168614. Submitted October 5, 1995, at Lansing. Decided
November 14, 1995, at 9:00 A.M. Leave to appeal sought.

Vinson M. Nance was convicted by a jury in the Oakland Circuit
Court, Fred M. Mester, J., of carrying a pistol in a motor
vehicle. As part of his sentence, he was required to pay various
fines and costs. The Court of Appeals, REILLY, P.J., and MAC-
KENZIE and WEAVER, JJ., reversed the conviction in an unpub-
lished memorandum opinion issued April 3, 1992 (Docket No.
131074). The Supreme Court denied leave to appeal, 441 Mich
868 (1992), and the United States Supreme Court denied certio-
rari, — US —; 113 S Ct 1961; 123 L Ed 2d 664 (1993). The
defendant's subsequent motion to be reimbursed the monies he
paid as a result of the conviction was denied. The defendant
appealed.

The Court of Appeals *held:*

1. A trial court may require a convicted defendant to pay
costs only where such a requirement is expressly authorized by
statute. Because the defendant's conviction was reversed, there
is no longer an express statutory provision for the fines or costs
in this case.

2. A request for reimbursement does not require the bringing
of a separate action. The trial court erred in denying the
defendant's motion for restitution of the monies he paid inci-
dent to his conviction.

Reversed and remanded.

1. CRIMINAL LAW — TRIAL — COSTS — FINES.

A trial court may require a convicted defendant to pay costs or
fines only where such a requirement is expressly authorized by
statute.

2. CRIMINAL LAW — APPEAL — REVERSAL OF CONVICTION — REIM-
BURSEMENT OF COSTS AND FINES.

A defendant who pays costs or a fine authorized by statute upon
being convicted of a crime is entitled upon reversal of the

REFERENCES

Am Jur 2d, Costs § 114; Criminal Law § 1041.
See ALR Index under Costs of Actions; Fines, Penalties, and Forfei-
tures.

conviction to reimbursement of the monies paid; no separate action for reimbursement is necessary.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Robert C. Williams,* Assistant Prosecuting Attorney, for the people.

*Gabel, Gudmundsen & Gabel, P.C.* (by *Laura J. Gabel*), for the defendant.

Before: WAHLS, P.J., and SMOLENSKI and R. C. KAUFMAN,* JJ.

WAHLS, P.J. Defendant appeals as of right from the trial court's denial of his motion for reimbursement. We reverse.

Defendant was convicted of carrying a pistol in a motor vehicle. As part of his sentence, defendant was required to pay various fines and costs totaling $930. This Court, REILLY, P.J., and MACKENZIE and WEAVER, JJ., reversed defendant's conviction in an unpublished memorandum opinion issued April 3, 1992 (Docket No. 131074). The Michigan Supreme Court denied the prosecution's motion for leave to appeal. 441 Mich 868 (1992). The United States Supreme Court denied the prosecution's petition for a writ of certiorari. — US —; 113 S Ct 1961; 123 L Ed 2d 664 (1993). Subsequently, defendant moved to be reimbursed for the monies he paid as a result of his conviction. The trial court denied defendant's motion.

This issue presents a question of law that this Court reviews de novo. *People v Connor,* 209 Mich App 419, 423; 531 NW2d 734 (1995). A trial court may require a convicted defendant to pay costs

---

* Circuit judge, sitting on the Court of Appeals by assignment.

only where such a requirement is expressly authorized by statute. *People v Jones,* 182 Mich App 125, 126; 451 NW2d 525 (1989). A court may not impose fines or costs unless there is express provision for them in the underlying statute. *Id.,* pp 126-127; *People v Watts,* 133 Mich App 80, 84; 348 NW2d 39 (1984). Here, the statutes under which defendant was fined and assessed costs—the substantive criminal statute, MCL 750.227; MSA 28.424, the probation statute, MCL 771.3; MSA 28.1133, and the statute creating the Crime Victims Compensation Board, MCL 18.352; MSA 3.372(2)—apply only to persons convicted of a crime. Because defendant's conviction was reversed, there no longer is express provision for these fines or costs in the underlying statute. *Jones, supra,* p 126; *Watts, supra,* p 84.

A request for reimbursement does not require the bringing of a separate action. *United States v Lewis,* 478 F2d 835, 836 (CA 5, 1973). Just as the imposition of a fine is an incident of a criminal conviction, so is the direction for repayment an incident to the vacating and setting aside of the conviction. *Id.;* see also *State v Piekkola,* 90 SD 335; 241 NW2d 563 (1976), overruled in part on other grounds in *In re Estate of Erdmann,* 447 NW2d 356 (SD, 1989); *People v Meyerowitz,* 61 Ill 2d 200; 335 NE2d 1 (1975); *Ex parte McCurley,* 412 So 2d 1236, 1238 (Ala, 1982). As the court stated in the seminal case of *United States v Lewis,* 342 F Supp 833, 836 (ED La, 1972), aff'd 478 F2d 835 (CA 5, 1973):

> While there are no means available to compensate a person who has been imprisoned for violating a statute that is subsequently found constitutionally void and retrospectively applied, there is always a means for such a person to recoup his losses when the loss takes the form of a monetary

fine. The Fifth Amendment prohibition against the taking of one's property without due process of law demands no less than the full restitution of a fine that was levied pursuant to a conviction based on an unconstitutional law. Fairness and equity compel this result, and 'a citizen has the right to expect as much from his government, notwithstanding the fact that the government and the court were proceeding in good faith at the time of prosecution.

Because this analysis applies equally well to the facts of this case, we adopt it here as our own.

The prosecution argues that costs may not be assessed against the prosecution in a criminal case absent a statute authorizing such costs. However, defendant is not seeking that the state pay costs he incurred at trial; rather, he is asking that he be reimbursed for payments that he made solely because he was convicted. Accordingly, the cases that the prosecution has cited, which involve the seeking of reimbursement for costs incurred in a trial, are all distinguishable. The trial court erred in denying defendant's motion for restitution of the monies he paid incident to his conviction. *Lewis, supra,* 342 F Supp 836.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.