# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PAT RICHARD DOWDY,

Defendant-Appellant.

UNPUBLISHED
April 4, 2017

No. 328341
Macomb Circuit Court
LC No. 2013-003792-FH

Before: STEPHENS, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the fees and costs imposed by the trial court when defendant pleaded guilty to violating the terms of his probation. The trial court revoked defendant's probation, sentenced him to 60 days' jail time, and ordered him to pay $120 in court costs and $120 in probation oversight fees, among other things. We affirm in part, but vacate a portion of defendant's judgment of sentence, and remand for the ministerial task of amending defendant's judgment of sentence.

On April 3, 2014, defendant pleaded guilty to false pretenses with the intent to defraud $200 or more but less than $1,000, MCL 750.218(3)(a). After entering his guilty plea, defendant was sentenced to 12 months' probation, 40 hours of community service, and the completion of a Class 'A' Life Decisions course. The trial court also ordered defendant to pay $53 in state minimum cost, a $75 crime victim fee, $120 in court costs, $120 in probation oversight fees, and $950 in additional defense costs. Defendant did not object to any of the costs imposed. Defendant did not seek leave to appeal that judgment of sentence.

Defendant was arraigned before the trial court again on January 8, 2015, for violating his probation. During this proceeding, defendant pleaded guilty to violating his probation in several ways, including breaking into a high school. As a result, defendant's probation was revoked, and he was sentenced to 60 days' jail time, with credit for one day served. In his January 22, 2015 judgment of sentence, the trial court ordered defendant to pay fees and costs almost identical to

---

[1] *People v Dowdy*, unpublished order of the Court of Appeals, entered September 4, 2015 (Docket No. 328341).

those it imposed on defendant in his initial judgment of sentence, the only differences being that it increased defendant's additional defense costs to $955, and added a 20% late fee of $527.12 for defendant's failure to pay the fees and costs previously imposed (except for his probation oversight fees, which defendant had paid in full).

Defendant first argues that the trial court erred when it ordered him to pay a $120 county oversight fee as part of his January 22, 2015 judgment of sentence. We agree.

A defendant must object to a trial court's imposition of costs and fees to preserve the issue on appeal. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015), citing *People v Dunbar*, 264 Mich App 240, 251; 690 NW2d 476 (2004), overruled on other grounds by *People v Jackson*, 483 Mich 271, 290; 769 NW2d 630 (2009). Defendant failed to object when the trial court ordered him to pay the $120 oversight fee, thus, this issue is not preserved.

Because defendant's challenge to the trial court's imposition of an oversight fee was not preserved, we review defendant's challenge for plain error. *Konopka*, 309 Mich App at 356. To avoid forfeiture under the plain error rule, the defendant must demonstrate that an error occurred, the error was plain, and the plain error affected substantial rights. *People v Buie*, 285 Mich App 401, 407; 775 NW2d 817 (2009), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third prong requires a showing of prejudice, which occurs when the error affected the outcome of the lower court proceedings." *People v Putman*, 309 Mich App 240, 243; 870 NW2d 593 (2015). This Court reviews questions of statutory interpretation de novo. *Konopka*, 309 Mich App at 356.

In general, the scope of a defendant's appeal from a resentencing following the revocation of probation is limited to only the issues the defendant could not have raised in an appeal from their initial conviction. See *People v Kaczmarek*, 464 Mich 478, 482-483, 485; 628 NW2d 484 (2001). Defendant's challenge relating to his probation oversight fees does fall within the scope of this appeal because he challenges the trial court's authority to impose a probation oversight fee *following* the revocation of his probation, which is an issue defendant could not have raised in an appeal from his original April 3, 2014 judgment of sentence.

The trial court ordered this probation oversight fee without explanation on the record, and thus, it is unclear whether the trial court was reimposing the fee it ordered as part of defendant's April 3, 2014 judgment of sentence, or if it was imposing a new oversight fee. Although it appears to be simply a reimposition of the original oversight fee; if that is the case, this was error because defendant had paid the original fee in full by the time his probation was revoked. The court acknowledged the same on the record. If the trial court were enacting a *new* probation oversight fee, it was without authority to do so.

Despite being the focus of the briefing by the parties on this issue, MCL 769.1k(1)(b)(*ii*) and MCL 769.1k(1)(b)(*iii*) have no bearing on defendant's challenge to the trial court's authority to impose a probation oversight fee. Pursuant to MCL 769.1k(1)(b), "the court may impose any or all" of the fees under MCL 769.1k(1)(b)(*ii*) and MCL 769.1k(1)(b)(*iii*). Thus, MCL 769.1k(1)(b)(*ii*) and MCL 769.1k(1)(b)(*iii*) grant trial courts the authority to impose certain fines, costs, and assessments at their discretion. The relationship between these two provisions

was clarified in *Konopka*, where this Court held that MCL 769.1k(1)(b)(*iii*) "provides for an award of certain costs that are *not* independently authorized by the statute for the sentencing offense, in contrast to the amended version of MCL 769.1k(1)(b)(*ii*), which provides that a court may impose '[a]ny cost authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.' " *Konopka*, 309 Mich App at 357, quoting MCL 769.1k(1)(b)(*ii*) (alteration in original).  In addition, costs imposed under MCL 769.1k(1)(b)(*iii*) must be "reasonably related to the actual costs incurred by the trial court . . . ."

A probation oversight fee is not a cost authorized by the statute defendant violated, MCL 750.218(3)(a), nor is it a cost that is reasonably related to the actual costs incurred by the trial court in defendant's revocation of probation proceeding.  Thus, MCL 769.1k(1)(b)(*ii*) and MCL 769.1k(1)(b)(*iii*) are irrelevant here.  The statute that authorizes the imposition of probation oversight fees is MCL 771.3(1)(d), which requires probationers sentenced in circuit court to pay a probation supervision fee.  The trial court properly fulfilled this obligation when it ordered defendant to pay a $120 probation oversight fee as part of his April 3, 2014 judgment of sentence.  The trial court erred however when, following the revocation of defendant's probation, it imposed a $120 probation oversight fee in defendant's January 22, 2015 judgment sentence.

The trial court revoked defendant's probation when he pleaded guilty to violating his probation on January 8, 2015.  Once defendant's probation was revoked, the trial court was authorized to sentence defendant "in the same manner and to the same penalty as the court might have done if the probation order had never been made." MCL 771.4.  However, the trial court could not impose a probation oversight fee on defendant pursuant to MCL 771.3(1)(d), because defendant was no longer a probationer.  See *People v Krieger*, 202 Mich App 245, 247-248; 507 NW2d 749 (1993) (holding that, once the defendant's probation was revoked, the trial court lacked the authority to retain the imposition of costs that were assessed as a condition of the defendant's probation), superseded by statute on other grounds as stated in *People v Lloyd*, 284 Mich App 703, 709-710; 774 NW2d 347 (2009).

Thus, the trial court plainly erred when it imposed a probation oversight fee as part of defendant's January 22, 2015 judgment of sentence because it lacked the authority to impose this fee under any statute.  The error prejudiced defendant because he would not have had this fee imposed on him but for the trial court's error.  Finally, relief is justified in this case because the error resulted in the imposition of a fee that was not authorized by law, and permitting such a fee to stand would severely affect the fairness, integrity and public reputation of judicial proceedings.  Therefore, we vacate the portion of defendant's January 22, 2015 judgment of sentence which ordered the payment of the $120 probation oversight fee, and remand for the ministerial task of amending defendant's judgment of sentence.

Defendant's second argument on appeal is that the trial court erred when it ordered him to pay $120 in court costs because it did not articulate, on the record, its reasons for doing so.  The trial court imposed the same amount of court costs in defendant's April 3, 2014 judgment of sentence, and defendant failed to challenge the imposition of costs at that time.  It appears that the trial court was simply reimposing the same cost that defendant had failed to pay.  To that extent, defendant's challenge to the trial court's imposition of $120 in court costs is outside of the scope of this appeal because defendant could have raised this issue in an appeal from his

April 3, 2014 judgment of sentence. See *Kaczmarek*, 464 Mich at 485. To the extent this is a newly imposed cost, the trial court was authorized to impose any cost reasonably related to the actual costs incurred by the trial court under MCL 769.1k(b)(iii). Defendant concedes that $68 was allowable under MCL 769.1 but that the trial court did not articulate a reason on the record for the additional $52 in court costs. Defendant has not, however, provided any authority indicating that the trial court must provide solid figures to support his assessment of costs. We cannot objectively say that $52 would be unreasonable or unrelated to those costs allowed under MCL 769.1k(b)(iii), which include salaries for court personnel and necessary expenses for the operation of the court.

Defendant's third argument on appeal is that, because he is indigent, he is entitled to an ability-to-pay assessment in accordance with *Jackson*, 483 Mich at 292, concerning the assessment of court-appointed attorney fees, or that this Court should vacate the portion of his sentence ordering him to pay those fees. Defendant failed to object when the trial court ordered him to pay attorney fees, thus, this issue is not preserved. Because defendant's challenge to the trial court's order to pay attorney fees was not preserved, this Court reviews defendant's challenge for plain error. *Konopka*, 309 Mich App at 356. This Court reviews questions of constitutional law de novo. *Jackson*, 483 Mich at 277.

Under MCL 769.1k(b)(*iv*), the trial court was authorized to order defendant to repay the cost "of providing legal assistance to the defendant." However, in *Jackson*, the Michigan Supreme Court held that once a trial court attempts to enforce an imposition of court-appointed attorney fees "the defendant must be advised of this enforcement action and be given an opportunity to contest the enforcement on the basis of his indigency." *Jackson*, 483 Mich at 292. If the defendant makes a timely challenge in the trial court to the enforcement of the fee, then the trial court is required to evaluate if a defendant "is indigent and unable to pay *at that time* or whether forced payment would work a manifest hardship on the defendant *at that time*." *Id*. at 292-293.

The trial court entered two orders requiring defendant to pay the costs of his appointed counsel. Defendant's January 22, 2015 judgment of sentence ordered him to pay $955[2] in "Additional Defense Costs," and on January 29, 2015, the trial court ordered defendant to reimburse Macomb County for the costs of his appellate defense.

Defendant has not challenged the enforcement of these fees before the trial court. In accord with *Jackson*, defendant may challenge the trial court's enforcement of the imposition of attorney fees due to his current indigency, but he must first raise this in a timely challenge before the trial court, where the trial court will consider his ability to pay at that time. *Jackson*, 483

---

[2] We note that the trial court increased defendant's "Additional Defense Costs" by $5 in his January 22, 2015 judgment of sentence without explanation. Defendant does not challenge this increase on appeal, despite the fact he represented himself during his probation revocation hearing. Furthermore, a check of the trial court file following oral argument confirms that defendant was assessed $955, total, for defense costs, and not $950 plus $955.

-4-

Mich at 292-293. Because defendant has failed to challenge the enforcement of the imposed fees would be premature.

Additionally, even if we wished to consider the merits of defendant's challenge, he has made no showing that the trial court has actually attempted to enforce the collection of these fees. Defendant has also failed to provide any proof of his present indigency. Thus, we would be unable to exercise any meaningful review here even if we desired to do so.

Finally, defendant requests that this Court waive defendant's late fee of $527.12 pursuant to MCL 600.4803(1), through our authority to grant further or different relief as a case may require under MCR 7.216(A)(7). Defendant did not raise this issue before the trial court, and thus failed to preserve this issue for appeal. *People v Dupree*, 486 Mich 693, 703; 788 NW2d 399 (2010). We therefore review this claim for plain error. *Konopka*, 309 Mich App at 356.

In relevant part, MCL 600.4803(1) authorizes the imposition of a 20% late penalty on a person who fails to pay court costs within 56 days of the day payment is due. The statute also authorizes "the court" to modify the date payment is due, to establish installment payments, or to waive the late penalty upon the request of the person subject to it. MCL 600.4803(1).

We decline to determine whether defendant's late penalty should be waived because, under MCL 600.4803(1), defendant is free to request that the trial court waive his late penalty, and it is unclear why defendant has instead requested relief directly from this Court. There is no evidence in the record that defendant has already requested that the trial court waive his late penalty, and defendant fails to specifically articulate why this Court should directly grant him relief. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009), quoting *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) (quotation marks omitted).

We affirm in part, but vacate the portion of defendant's judgment of sentence imposing a $120 probation oversight fee, and remand for the ministerial task of amending defendant's judgment of sentence. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

-5-