*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID LAMONT CROSKEY,

        Defendant-Appellant.

UNPUBLISHED
January 21, 2021

No. 347087
Oakland Circuit Court
LC No. 14-252611-FC

Before: CAVANAGH, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

We previously remanded this case to the trial court to determine whether it would have imposed a different sentence in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). The successor judge ruled that she would have imposed the same sentence under the now advisory sentencing guidelines and therefore declined to resentence defendant. Defendant maintains that he did not learn of this decision until over a year later at which time he filed a request for appellate counsel, which the trial court denied. We denied defendant's delayed application for leave to appeal, but our Supreme Court remanded to us for consideration as on leave granted. We now reverse and remand for further proceedings in the trial court.

## I. BACKGROUND

A jury found defendant guilty of three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f), and one count of assault by strangulation, MCL 750.84(1)(b). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve concurrent terms of 50 to 75 years' imprisonment for each CSC-I conviction and 25 to 37½ years' imprisonment for the assault by strangulation conviction.

Defendant appealed by right, and this Court affirmed his convictions but granted him a *Crosby*[1] remand in light of the sentencing guidelines now being advisory.[2] On remand, a new trial court judge was appointed to preside over defendant's case. The trial court sua sponte appointed a new attorney to represent defendant on remand, replacing defendant's appellate attorney, Deborah Choly. In accordance with *Lockridge*, the trial court asked the prosecution and defense to submit in writing their views on whether the trial court should resentence defendant. The trial court considered these views and declined to resentence defendant, determining that it would have imposed the same sentence under an advisory sentencing guidelines scheme. The trial court entered its ruling in an order dated March 29, 2017.

Choly and defendant assert that they did not hear anything from the trial court after we remanded. Both contend that the trial court did not tell them that it had appointed new counsel, nor did it tell them it had declined to resentence defendant. In June 2018, defendant wrote Choly asking if she knew whether the trial court had issued a ruling on remand. Defendant contends that Choly contacted the trial court, and the trial court's clerk explained to her that the court had appointed a new lawyer to represent defendant on remand and that it had already decided to affirm defendant's original sentence. The clerk told Choly that the trial court sent defendant a copy of its order, but in his brief on appeal defendant maintains that he never received it. Supporting his position is the fact that the trial court's order certifies that it was served on "all attorneys of record," but it does not certify that it was served on the "parties."

Choly relayed this information to defendant, and he contacted the State Appellate Defender's Office (SADO) for advice. SADO sent defendant a request for counsel form, which he filed with the trial court about 18 months after it had declined to resentence him. The trial court denied defendant's request for appellate counsel, reasoning that "the Sixth Amendment right to appointment of counsel for indigent criminal defendants on appeal applies only to first appeals or appeals as of right and not to subsequent, discretionary appeals." Having concluded that defendant had no appeal as of right from its order declining to resentence him, the trial court ruled that defendant had no right to appointed counsel. Defendant filed a delayed application for leave to appeal in this Court, which we denied.[3] Defendant then sought leave to appeal in our Supreme Court, which in lieu of granting leave to appeal, remanded to us for consideration as on leave granted.[4]

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] *People v Croskey*, unpublished per curiam opinion of the Court of Appeals, issued October 18, 2016 (Docket No. 327724).

[3] *People v Croskey*, unpublished order of the Court of Appeals, entered May 1, 2019 (Docket No. 347087).

[4] *People v Croskey*, 504 Mich 995 (2019).

## II. ANALYSIS

Defendant argues the trial court erred by ruling that he had no right to appointed counsel to appeal the trial court's order following the *Crosby* remand. We agree.[5]

> [W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand. From the second appeal under those circumstances, a defendant is entitled to the full panoply of ancillary rights, such as the right to the assistance of appointed counsel if indigent. [*People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994), citing Const 1963, art 1, § 20.]

Thus, defendant had both the right to appeal the trial court's order affirming his sentence on remand and the right to appointed counsel to help execute that appeal. By failing to notify defendant of his right to appeal and concomitant right to appointed counsel, the trial court effectively deprived defendant of these rights.[6] See *United States ex rel v McMann*, 417 F2d 648, 654 (CA 2, 1969) ("The right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists.").[7]

The prosecution concedes that defendant had a right to appeal the trial court's order on remand, but argues that he did not have an appeal by right from the court's order denying him appellate counsel because he did not make a timely request for counsel. See MCR 7.204(A)(2)(b). This argument overlooks the fact that defendant's untimely request was due to the trial court's failure to inform him that he had a right to appeal and to counsel. See *Jacobs v Mohr*, 265 F3d 407, 419 (CA 6, 2001) (noting that the Sixth Circuit has held that it is constitutional error if a defendant is denied an appeal because the trial court failed to inform him of his appellate rights). Further, the Supreme Court ordered us to grant leave to appeal in this case, and so any suggestion that we lack jurisdiction to grant defendant relief is without merit. See *Int'l Bus Machines, Corp v Dep't of Treasury*, 316 Mich App 346, 352; 891 NW2d 880 (2016) (discussing the "rule of mandate," which "embodies the well-accepted principle in our jurisprudence that a lower court must strictly comply with, and may not exceed the scope of, a remand order.").

---

[5] The interpretation of constitutional provisions and court rules are questions of law that we review de novo. See *People v Douglas*, 496 Mich 557, 566; 852 NW2d 587 (2014); *People v Nance*, 214 Mich App 257, 258; 542 NW2d 358 (1995).

[6] The prosecution contends that "the record does not show whether defendant was given notice of his right to appeal." We disagree. Although there is no irrefutable proof, two circumstances suggest that the trial court failed to notify defendant of his rights. First, assuming the trial court did send its order declining to resentence to the defendant, that order said nothing about a right to appeal or a right to counsel. Second, the trial court mistakenly believed that defendant had no appeal as of right, and thus it seems to us highly unlikely that the trial court would have sent defendant notice of his right to appeal.

[7] Lower federal court decisions are not binding but may be relied on for their persuasive value. *People v Patton*, 325 Mich App 425, 444 n 3; 925 NW2d 901 (2018).

The Supreme Court has repeatedly held that when a right to appeal is lost "through no fault of the defendant," the proper remedy is a remand so that the trial court can appoint appellate counsel and restore the defendant's appeal as of right. See e.g., *People v Sanchez*, ___ Mich ___; (2020) (Docket No. 160032); *People v Foster*, 501 Mich 1024 (2018); *People v Caldwell*, 502 Mich 900 (2018). And our Supreme Court has ordered this remedy regardless of whether the defendant lost a right to appeal because of an error by counsel or the trial court. See *Caldwell*, 502 Mich 900 (remanding after noting that the trial court had failed to appoint substitute appellate counsel for defendant after defendant's prior appellate counsel had withdrawn). Accordingly, we conclude that this relief is warranted here. On remand, the trial court shall follow the procedure for the appointment of appellate counsel set forth in *Caldwell*, after which defendant "may file an application for leave to appeal in the Court of Appeals for consideration under the standard for direct appeals, and/or any appropriate postconviction motions in the circuit court, within six months of the date of the circuit court's order appointing counsel." See *Caldwell*, 502 Mich 900.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro