*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID GERARD WANDOLOWSKI,

Defendant-Appellant.

UNPUBLISHED
October 29, 2024
1:51 PM

No. 367342
Oscoda Circuit Court
LC No. 20-001683-FH

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant, David Gerard Wandolowski, appeals by leave granted the trial court's denial of his motion to correct an invalid sentence. Wandolowski challenges two terms of his probation, as well as the trial court's order that he pay a fine and court costs. Wandolowski successfully completed his probation and paid the fine imposed for the crime to which he pleaded guilty. For those reasons, we hold that Wandolowski's arguments about his probation conditions and the fine are moot. But because the trial court ordered Wandolowski to pay court costs without statutory authority to do so, we reverse the court's order for court costs and remand for the trial court to refund the costs Wandolowski paid.

## I. BACKGROUND

Wandolowski pleaded guilty to misdemeanor assault, MCL 750.81, and the trial court sentenced him to one year of probation in accordance with a delayed sentencing agreement. Under the agreement, if Wandolowski successfully completed a one-year term of probation, the prosecutor agreed to dismiss his conviction. The trial court imposed the following relevant conditions of probation:

> You must not have verbal, written, electronic, or physical contact, without permission of the field agent, with anyone that you know to have a felony record. You must not have verbal, written, electronic, or physical contact with anyone you

know to be engaged in any behavior that constitutes a violation of any criminal law of any unit of government.

* * *

You must allow the field agent into your residence at any time for probation supervision.

The trial court also ordered Wandolowski to pay $1,110 in court costs and a $500 fine. Wandolowski moved to correct his sentence, arguing that the referenced probation conditions were invalid, that the court erred when it ordered him to pay the fine without deciding its proportionality, and that the court imposed court costs without statutory authority to do so. The court denied Wandolowski's motion. Wandolowski applied for leave to challenge this decision on August 15, 2023. On October 4, 2023, after Wandolowski successfully completed the delayed sentence agreement, the trial court dismissed the case without prejudice, and discharged Wandolowski from probation. According to the register of actions, Wandolowski paid the ordered fine and costs in full; however, it is unclear from the record when he paid those balances. This Court granted Wandolowski's application for leave to appeal in *People v Wandolowski*, unpublished order of the Court of Appeals, issued October 5, 2023 (Docket No. 367342).

## II.  MOOTNESS

Wandolowski challenges his probation conditions and the $500 fine. Because these issues are moot, we decline to reach the merits of his claims.

### A.  LEGAL PRINCIPLES

Whether a controversy "is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself." *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010), amended on another issue in 486 Mich 1041 (2010). "An issue is moot when a subsequent event makes it impossible for this Court to grant relief." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685(2018). In other words, an issue is moot if "any judgment on the matter would lack practical legal effect," *People v Smith*, 502 Mich 624, 631; 918 NW2d 718 (2018), or it is "impossible for the reviewing court to fashion a remedy to the controversy," *People v Thue*, 336 Mich App 35, 39; 969 NW2d 346, 349 (2021) (quotation marks and citation omitted). This Court generally dismisses a moot question without reaching the merits to avoid presiding over a "purposeless proceeding." *Gleason*, 323 Mich App at 315 (quotation marks and citation omitted). But this Court may decide an arguably moot issue when it is "of public significance" and "likely to recur, yet may evade judicial review." *Smith*, 502 Mich at 631-632 (quotation marks and citation omitted).

### B.  PROBATION CONDITIONS

Wandolowski challenges the probation condition that limited his contact with felons and the condition that he must allow his probation officer into his home at any time for supervision. Although Wandolowski concedes that the trial court already discharged him from probation, he urges us to review these claims because they are publicly significant and likely to recur yet evade

judicial review. But this Court has held that, when a "defendant is no longer subject to the challenged condition of his probation," the issue is moot. *People v Anderson*, 284 Mich App 11, 17; 772 NW2d 792 (2009). Further, resolving Wandolowski's arguments on the merits would require us to consider the specific circumstances of Wandolowski and his offense and, because he already served his probation, it would be impossible to grant him relief that would have any practical legal effect. We do not believe these issues are of such public significance to overcome the longstanding judicial doctrine against deciding moot cases. See *Smith*, 502 Mich at 631.

Moreover, "[t]he judiciary cannot simply scan the horizon for important legal issues to opine on—we address such issues only as they arise in the genuine controversies between adverse parties that come before us." *In re Smith*, 335 Mich App 514, 521-522; 967 NW2d 857 (2021), citing *League of Women Voters of Mich v Secretary of State*, 506 Mich 651; 599 n 60; 957 NW2d 731 (2020) (quotation marks omitted). In this case, Wandolowski's term of probation concluded more than a year ago. Neither the county prosecutor nor attorney general filed an appearance or brief. The prosecutor's decision not to respond to an appeal is not dispositive of whether a competing legal position exists; however, it bolsters our view that there is no existing contest in this case because the matter is concluded. Although the trial court subjected Wandolowski to these conditions, Wandolowski does not contend that, during his term of probation, his probation officer in fact forbade him from contact with a felon or actually entered his home to conduct supervision. For these reasons, the issues are moot because there remains no controversy regarding the probation conditions, we are not persuaded that Wandolowski's rights were ever jeopardized by the conditions to warrant review, and there is no basis to conclude that the same legal claims may later evade review. See *id*. For that reason, we decline to reverse the trial court's order on those issues.

## C. FINE

Wandolowski also challenges the trial court's imposition of the $500 fine. As stated, Wandolowski pleaded guilty to assault, a misdemeanor offense punishable by up to 93 days in jail or a fine of up to $500, MCL 750.81(1), and the trial court ordered him to pay the maximum fine of $500. In *Thomas v Montcalm Cir Judge*, 228 Mich 44, 45; 199 NW 610 (1924), the Michigan Supreme Court explained that when a "fine has been fully paid and the judgment of conviction thereby discharged by the defendant's own act, the case becomes a moot one, and no relief can be granted on appeal." Sentencing issues also are moot when a defendant serves his sentence. See, e.g., *People v Tombs*, 260 Mich App 201, 220; 679 NW2d 77 (2003) (stating that this Court cannot provide a remedy for an alleged scoring error when the defendant served his minimum sentence), aff'd 472 Mich 446 (2005); *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994) (holding that a challenge to the proportionality of the defendant's sentence was moot because the defendant served the minimum sentence). In this case, Wandolowski paid the $500 fine and the trial court discharged him from probation and dismissed his conviction. Thus, this issue is also moot. See *Richmond*, 486 Mich at 35.

## III. COURT COSTS

Wandolowski challenges the trial court's imposition of court costs and argues that it had no statutory authority to do so. We agree.

"The right of the court to impose costs in a criminal case is statutory." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014) (quotation marks and citation omitted). Courts may impose costs in criminal cases only when those costs are explicitly authorized by statute. *Id*. "MCL 769.1k(1)(b)(*iii*) permits a trial court to impose court costs on a convicted defendant that are reasonably related to the actual costs incurred in processing a criminal case." *People v Johnson*, 336 Mich App 688, 690; 971 NW2d 692 (2021). When Wandolowski pleaded guilty, MCL 769.1k(1)(b)(*iii*), as amended by 2020 PA 151, was in effect, which granted courts the authority to impose court costs as follows:

> *Until October 1, 2022*, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:
>
> > (A) Salaries and benefits for relevant court personnel.
> >
> > (B) Goods and services necessary for the operation of the court.
> >
> > (C) Necessary expenses for the operation and maintenance of court
> buildings and facilities. [Emphasis added.]

On October 7, 2022, MCL 769.1k(1)(b)(*iii*), as amended by 2022 PA 199, went into effect, which changed the expiration date for the court's authority from October 1, 2022 to May 1, 2024. The trial ordered Wandolowski to pay $1,110 in court costs on October 3, 2022, two days after the provision authorizing these costs expired and four days before the amended law became effective. At issue, then, is whether our Legislature intended for the amended statute to retroactively authorize trial courts to impose court costs during this gap.

> "Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Buhl v City of Oak Park*, 507 Mich 236, 244; 968 NW2d 348 (2021) (quotation marks and citation omitted). When our Legislature amended MCL 769.1k(1)(b)(*iii*) with 2022 PA 199, it did not state an intent to apply the law retroactively. However, our Legislature applied the statute retroactively when it amended the statute in 2014. See *People v Konopka*, 309 Mich App 345, 357; 869 NW2d 651 (2015); MCL 769.1k(1)(b)(*iii*), as amended by 2014 PA 151, enacting section 1. Our Legislature knows how to state its intent to provide for retroactive application of a statute, and it chose not to do so. Moreover, were we to apply MCL 769.1k(1)(b)(*iii*), as amended by 2022 PA 199, retroactively, it would allow the court to impose court costs when it was not explicitly authorized by law, which would also impact Wandolowski's legal obligations without supporting statutory authority. Because our Legislature did not intend to apply the amended law retroactively, and there is no sound basis to do so, the trial court erred by imposing those costs on Wandolowski. See *Cunningham*, 496 Mich at 149. For this reason, the trial court must reimburse Wandolowski because there was no statutory authority for the court to impose court costs. See *People v Nance*, 214 Mich App 257, 259-260; 542 NW2d 358 (1995).

Reversed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett